WALTER I. BROWN, *prochein ami*, *vs.* EUROPEAN & NORTH
AMERICAN RAILWAY COMPANY.

*Child—care and prudence of.   Railroad—liability of.   Nonsuit—when proper.*

A child of nine years, who, in the daytime, jumps from a sidewalk, lawfully
constructed by a railroad company on the side of its railway-bridge, upon the
properly constructed draw, while the same is being lawfully closed, is so
wanting in ordinary care and prudence as not to be entitled to maintain an
action for the injury resulting therefrom.

When the facts are not controverted, a nonsuit may properly be granted, if a
verdict in favor of the plaintiff upon the proofs offered by him would be set
aside as being against evidence.

ON REPORT.

CASE for an injury received June, 1868, by jumping upon the
defendants' draw while the same was being closed.

It was admitted that the defendants had legally located their
railroad across the Kenduskeag stream, in Bangor, in this county;
that the bridge was constructed in accordance with Special Laws of
1864, c. 321, § 7, and that the sidewalk, over and upon which the
plaintiff was passing, erected by the defendants on the side of its
railway bridge, " within the limits of the land taken by said com-
pany for its railway," was properly constructed and maintained in
accordance with Special Laws of 1868, c. 502; that vessels are
accustomed to pass through the defendants' bridge; and that at
the time of the injury complained of, the draw in the bridge hav-
ing been just before opened for the passage of a vessel, was being
closed.

Walter I. Brown (plaintiff), testified, that he was ten years old
October, 1869; that on the 24th of June, 1868, he and two other
boys went down to draw-bridge for the purpose of crossing the
Kenduskeag; that the " draw was open when he got down, it was
going around when he got on, it was around to shut; " that Forest
L. Pooler, to whose house they were going, was with witness. The
witness further testified as follows: " The boy that got me down

there went on to draw first, the other boy got on, then I got most on, it was going so fast I could not get on, and I kind of slipped and got caught in the draw; leg staid there half a minute, when boy got me out;" that no one warned him not to get on, and that he could then read printing; there was no notice, flag, or barrier.

On cross-examination, he also testified, substantially, that he did not see any vessel passing through; that the draw was moving around when he got there, and he waited until the draw got around so that he could jump on; that he saw no flag; asked no one whether he could go upon the draw; that he had to jump to get on; a man and two boys turning the draw, about twenty feet from witness; he did not ask any one to stop draw before he got on; did not get his leg out until the draw was turned back; that there was a railing on each side of the walk.

Forest L. Pooler, called by the plaintiff, testified substantially to the same, and that Charley Saddler jumped upon the draw first, witness next, and plaintiff then tried, but slipped, and his leg was caught in the draw; that there were no notices, no barrier, or flag, and that no one told them it was dangerous to attempt to cross; and that witness and plaintiff had crossed there once or twice before.

George I. Brown, father of the plaintiff, testified, that the leg of his son was crushed and amputated; that notices were put up after the injury in 1868, one against going upon the draw while in motion, and flag is put up on draw just before it starts.

If, upon so much of the testimony as was admissible, the action could not be maintained, a nonsuit was to be entered.

*F. A. Wilson* and *H. L. Mitchell*, for the plaintiff.

The degree of care to be exercised by a child depends upon its age. *Munn* v. *Reed*, 4 Allen, 431; *Birge* v. *Gardiner*, 19 Conn. 507; *Lynch* v. *Nurdin*, 41 E. C. L. 422; *Hunt* v. *Pownal*, 9 Verm. 411.

This is a question of fact. *Wright* v. *Goff*, 6 Ind. 416; *Biers* v. *Housatonic R. R. Co.*, 19 Conn. 566; *Smith* v. *Lowell*, 6 Allen,

Brown v. European and North American Railway Company. ·

39; *Patterson* v. *Wallace*, 28 Eng. Law & Eq. 48; *Collinson* v. *Larkin*, 3 Taunt. 1; *Martin* v. *Great Northern R. R. Co.*, 16 Conn. 179.

If plaintiff's conduct was the result of childish instinct and thoughtlessness, and not of heedlessness in regard to danger, it is not such an absence of due and ordinary care as will prevent a recovery. *Munn* v. *Reed*, *supra*; *Birge* v. *Gardiner*, *supra*; *Oldfield* v. *New York R. R.*, 3 E. D. Smith, 103; *Kelley* v. *Penn. R. R. Co.*, late case, opinion in note, 1 Hilliard on Torts, 149.

The defendants not bound to construct the sidewalk. By accepting the act of legislature, they took with the advantages the obligations. Whether the walk was in a condition safe and convenient for foot-passengers, guarded against accidents likely to occur, is a question of fact. *Shaw* v. *Boston & Worcester R. R. Co.*, 8 Gray, 45; *Knight* v. *P. S. & P. R. R. Co.* 56 Maine, 244.

The neglect of the defendants is evidenced by an absence of flag-man, sign, winging gate, or other signal.

*C. P. Stetson*, for the defendants, contended,

That there being no evidence of negligence on the part of the defendants, and of no defect in the sidewalk such as to render it unsafe, the court can so determine as a matter of law upon the undisputed facts. *Raymond* v. *Lowell*, 6 Cush. 524; *Morton* v. *Frankfort*, 55 Maine, 46; *Beisiegel* v. *New York Cent. R. R. Co.*, 40 N. Y. 9; *Ernst* v. *Hudson R. R. Co.*, 39 N. Y. 61; *Deyo* v. *New York Cent. R. R. Co.*, 34 N. Y. 13.

Something more must be shown than that an injury has happened. *Welfare* v. *Lond. & B. R. Co.*, 4 Q. B. 693; *Sinei* v. *Great Western R. R. Co.*, 4 Ex. 117; *Adams* v. *Lan. & Yorkshire R. Co.*, 4 C. P. 739; *Crafter* v. *Met. R. Co.*, 1 C. P. 300, 302.

There must be ordinary care on part of plaintiff, and negligence on part of defendants. *Button* v. *Hudson River R. R. Co.*, 18 N. Y. 252. If the whole evidence shows plaintiff careless, the court may instruct the jury, as a matter of law, that the action cannot be maintained. *Wright* v. *Malden & Melrose R. R. Co.*, 4 Allen,

289; *Gahagan* v. *Boston & Lowell R. R. Co.*, 1 Allen, 189; *Bancroft* v. *Boston & Worcester R. R. Co.*, 97 Mass. 278; *Todd* v. *Old Colony & Fall River R. R. Co.*, 3 Allen, 18; *Todd* v. *Old Colony & Fall River R. R. Co.*, 7 Allen, 207; *Trow* v. *Vt. Cent. R. R. Co.*, 24 Verm. 497; *Gavett* v. *Man. & Law. R. R. Co.*, 15 Gray, 501; *Lucas* v. *New Bedford & Taunt. R. R. Co.*, 6 Gray, 64; *Hickey* v. *Boston & Low. R. R. Co.*, 14 Allen, 429.

Plaintiff was using the bridge for sport,—the fun of jumping upon the draw when in motion. *Stinson* v. *Gardiner*, 42 Maine, 248.

The recklessness of jumping upon a moving draw is analogous to a traveler's going out of the traveled part of the road, driving over rock or logs. *Gleason* v. *Bremen*, 50 Maine, 226.

*Lynch* v. *Nurdin*, and *Birge* v. *Gardiner*, cited by plaintiff, are opposed to the current of later decisions. *Lygs* v. *Newbold*, 24 L. & Eq. 509; *Phil. R. R. Co.* v. *Spearen*, 47 Penn. S. R. 300; *Skelton* v. *Lond. & No. Western R. Co.*, 2 Law Rep. Com. Pleas, 631.

APPLETON, C. J.   It is admitted that the defendant corporation had legally located its railroad across the Kenduskeag stream, and that the bridge over which the plaintiff was passing was constructed over said stream in accordance with the requirements of the statutes of this State.

To entitle the plaintiff to recover, he must show that the injury was occasioned by the omissions of duty, or the commission of wrongful acts on the part of the defendant, and not through his own neglect and want of ordinary and common care.   The negligence of the defendant is the gist of the action, but the absence of negligence contributing to the injury, on the part of the plaintiff, is equally important.

While the plaintiff is bound to be in the exercise of ordinary care and prudence, less care and prudence will be required of a child than of a person of mature age.   The care and prudence to be expected from a child will obviously have relation to his age and intellectual capacity.   The plaintiff, though held to show the injury

to have been occasioned by the negligence of the defendant, and without fault on his part, is not required to show greater care on his part than could be reasonably required, regard being had to his age.

If a child is of too tender an age to be permitted to go in the streets without the attendance and supervision of those having him in charge, their negligence and want of due care will have the same effect in preventing the maintenance of an action for an injury occasioned by the neglect of another as would the plaintiff's want of care, if he were an adult. *Holly* v. *Boston Gas Light Co.,* 8 Gray, 123 ; *Wright* v. *Malden & Melrose R. R. Co.,* 4 Allen, 283 ; *Callahan* v. *Bean,* 9 Allen, 401. In these cases the parties injured were much younger than this plaintiff.

The plaintiff was nine years old. If of age to be permitted to go in the streets without parental or other supervision, he must be held responsible for a degree of care and prudence proportionate to his age. He was passing the railroad bridge. The draw had been opened. When he reached there, it was closing. The defendants were in the exercise of their indisputable right to open and close. The plaintiff saw that every second rendered his passage less dangerous, and that if he would but wait, it would be accomplished without risk, or even the possibility of danger. The defendants were in no respect negligent. They were making as rapidly as they could the passage each moment the safer, and were not bound to anticipate the folly or the rashness of others. If they had stopped the motion of the draw, the danger of the plaintiff, if he attempted to leap, would have been increased. The defendants were not required by the statute to have a flag or a flag-man stationed at the draw to give notice. If they had done so, neither the flag nor the flag-man could have given him greater information or clearer warning than his own vision gave him. It was in the daytime. And notice was unnecessary when all was known without notice. His companions leaped upon the approaching draw. He followed, and, failing in his attempt, was caught in the draw and injured. While the grave injury the plaintiff received may be regretted, no reason

is perceived why the defendants should be called upon to afford compensation therefor, when they were without fault, and in the due exercise of their chartered rights.

The facts in this case are undisputed. There has been no evidence offered on the part of the defense. The negligence or rashness of the plaintiff is shown by his own evidence to be the cause of his injury. No neglect of the defendants is proved. When the facts are not controverted, a nonsuit may properly be granted, if a verdict in favor of the plaintiff, upon the proofs offered by him, would be set aside as against evidence. It would be absurd to send a cause to a jury when the verdict, if rendered in favor of the plaintiff, would not be permitted to stand. It is no interference with the province of the jury to give judgment upon the legal effect of admitted facts. When the plaintiff's evidence fails to show any cause of action, a nonsuit should be ordered. *Wright* v. *Malden & Melrose R. R. Co.*, 4 Allen, 283; *Todd* v. *Old Colony & Fall River R. R.*, 7 Allen, 207; *Steves* v. *Oswego & Syracuse R. R. Co.*, 18 N. Y. 422; *Morton* v. *Frankfort*, 55 Maine, 46; *Cooper* v. *Waldron*, 50 Maine, 80.                    *Plaintiff nonsuit.*

CUTTING, WALTON, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.