## Case No. 13,504.

### STOUT v. SIOUX CITY & P. R. CO.

[2 Dill. 294.] [1]

#### Circuit Court, D. Nebraska.  1872. [2]

RAILROAD COMPANIES—LIABILITY FOR NEGLIGENCE —INJURY TO CHILD—UNGUARDED TURNTABLE.

1. Under certain circumstances, a railroad company may be liable, on the ground of negligence, for a personal injury to a child of tender years in a town or city, caused by a turntable, built by the company upon its own uninclosed land, and which is left unguarded and unlocked in a situation which renders it likely to cause injury to children.

[Cited in Barrett v. Southern Pac. R. Co., 91 Cal. 303, 27 Pac. 668; Bishop v. Union R. Co., 14 R. I. 319; Burns v. Sennett, 99 Cal. 373, 33 Pac. 920; Daniels v. New York & N. E. R. Co., 154 Mass. 351, 28 N. E. 284. Cited in brief in Rushenberg v. St. Louis, I. M. & S. Ry. Co. (Mo.) 19 S. W. 217.]

2. Negligence defined, and the necessary elements of such a liability in respect to unguarded and unlocked turntables stated.

[Cited in Keffe v. Milwaukee & S. P. Ry. Co., 21 Minn. 213; Maynard v. Boston & M. R. Co., 115 Mass. 460.]

This is an action by an infant [Harry G. Stout], by his next friend, to recover damages for a personal injury, caused by the turntable of the defendant. The material facts appear in the charge of the court to the jury, given below.

Wakeley & Strickland, for plaintiff.

N. M. Hubbard and Isaac Cook, for defendant.

DILLON, Circuit Judge (charging jury). 1. This is both a novel and important case. The injury for which this action is brought happened in the town of Blair, in this state, on the 29th day of March, 1869. The plaintiff was then a boy of the tender age of six years and two or three months. The undisputed testimony shows that the town of Blair was, at that time, a new place, had been recently laid off,

1 [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
2 [Affirmed in 17 Wall. (84 U. S.) 657.]

and contained a population of about one hundred people. On the plat of the town of Blair is a tract of land of variable width, extending almost the entire length of the plat, owned and used by the defendants for their road-bed and depot grounds, and which divides the town into two portions. The cross streets of the town run up to this railroad ground and there stop, with exception of one or two streets, which were laid out across it. On this ground, which was not enclosed, was situated the defendant's depot house, and, about one-quarter of a mile distant from the depot house was located the turntable, on which the plaintiff was injured. There were but few houses in the immediate neighborhood of the turntable, and the plaintiff's parents lived in another portion of the town, and about three-fourths of a mile distant from the turntable.

The circumstances under which the accident to the plaintiff occurred are not in the main, if in any respect, in dispute. The plaintiff, without, as it appears, the knowledge of his parents, started with one or two other boys to go to the defendant's depot, about half a mile away, with no definite purpose in view. When the boys had arrived at the depot, it was proposed by some of them to go to the turntable to play; and the boys proceeded to the turntable, about a quarter of a mile distant, traveling along the defendant's road-bed or track. When the boys had reached the turntable, which was not attended or guarded by any employé of the company, and which was not then fastened or locked, and which revolved easily on its axis, two of them commenced to turn it, and the plaintiff, in attempting to get upon it (being at the time upon the railroad track), had the misfortune to get his foot caught between the end of the rail on the turntable, as it was revolving, and the end of the iron rail on the main track of the defendant's road, and his foot was badly cut and crushed, resulting in a serious and permanent injury.

There is the evidence of one witness (Quimby), then an employé of the company, that he had previously seen boys playing at the turntable, and had forbidden his children to play there. But this witness had no charge of the turntable, as he says, and did not, as he testified, communicate the fact to any of the officers or employés of the company having charge of the turntable. It appears, from the plaintiff's testimony, that he had not before that day been engaged in playing at the turntable. The turntable was constructed on the defendant's own land, and the testimony tends to show that it was constructed in the usual and ordinary manner.

2. Now the ground of complaint against the defendant, as set out in the petition, is that the turntable, as it was constructed, was of a dangerous nature and character, when unlocked or unguarded, and that being, as it is alleged, in a place much resorted to

by the public, and where children were wont to go and play, it was the duty of the defendant to keep the same securely locked or fastened, so as to prevent it from being turned or played with by children, or to keep the same guarded, so as to prevent injuries such as befell the plaintiff.

The basis of this action, therefore, is that the defendant owed the plaintiff a duty of this kind; that, in failing to discharge this duty, the defendant was guilty of negligence; that this neglect caused the injury to the plaintiff, and that, therefore, the defendant is liable in damages therefor.

Now, if this action had been brought, under the circumstances disclosed in the evidence, by an adult, who, himself, meddled with and set in motion the turntable which caused the injury, we should have no hesitation in saying that the law would not allow it to be maintained. And we confess that we have had serious doubts whether, under the circumstances, the action was any more maintainable, being brought by an infant of tender years.

On reflection it is our judgment, and we so instruct you, that this action may be maintained, if certain facts be established by the evidence.

In the first place, it is alleged in the petition, and it must appear by the evidence, that this turntable, in the condition, situation, and place where it then was, was a dangerous machine, one which, if left unguarded or unlocked, would be likely to cause injury to children. You have heard described the manner in which this turntable was constructed and left, and very much evidence has been adduced to show that turntables are constructed and left in this manner elsewhere; and the evidence is quite undisputed that it is not the practice of railroads to guard or lock them. The circumstance that other roads throughout the country do not guard or fasten turntables (if you find such to be the fact), is not conclusive in the defendant's favor that there was or could be no negligence on its part as respects the turntable in question, but, while not conclusive, it is still a very important fact or circumstance to be considered by the jury in determining the question of the defendant's negligence.

This action rests, and rests alone, upon the alleged negligence of the defendant, and this negligence consists, as alleged, in not keeping the turntable guarded or locked. Negligence is the omission to do something which a reasonable, prudent man, guided by those considerations which ordinarily regulate the conduct of human affairs, would do; or doing something which a prudent or reasonable man would not do, under all the circumstances surrounding the particular transaction under judicial investigation.

If the turntable, in the manner it was constructed and left, was not dangerous in its nature, then of course the defendants would not be guilty of any negligence in not lock-

ing or guarding it. But even if it was dangerous in its nature in some situations, you are further to consider whether, situated as it was on the defendant's property, in a small town, and distant or somewhat remote from habitations, the defendants are guilty of negligence in not anticipating or foreseeing, if left unlocked or unguarded, that injuries to the children of the place would be likely to or would probably ensue.

The machine in question is part of the defendant's road, and was lawfully constructed where it was. If the railroad company did not know, and had no good reason to suppose, that children would resort to the turntable to play, or did not know, or had no good reason to suppose, that if they resorted there, they would be likely to get injured thereby, then you cannot find a verdict against them.

But if the defendant did know, or had good reason to believe, under the circumstances of the case, the children of the place would resort to the turntable to play, and that if they did they would or might be injured, then, if they took no means to keep the children away, and no means to prevent accidents, they would be guilty of negligence, and would be answerable for damages caused to children by such negligence. Counsel for the defendant disclaim resting their defense on the ground that the plaintiff's parents were negligent, or that the plaintiff (considering his tender age) was negligent, but rest their defense upon the ground that the company was not negligent, and claim that the injury to the plaintiff was accidental, or brought upon himself. The defendants are not insurers of the limbs of those, whether adults or children, who may resort to their grounds; and there are many injuries continually happening which involve no pecuniary liability to any one.

To find against the defendant you must find that it has been guilty of neglect, of a wrong, of a want of due and proper care in the construction of machinery of a dangerous character, and, so leaving it exposed as before explained, that, as reasonable men, the officers of the road ought to have foreseen that an accident, happening as this happened, would probably occur, or be likely to happen.

NOTE. The cause was previously tried before Dundy, District Judge, and the jury failed to agree. His charge on that trial will be found in [Case No. 13,503].

On the second trial the jury found a verdict for the plaintiff for $7,500, and the court signed a bill of exceptions, and a writ of error was sued out, [and the cause carried to the supreme court, where the judgment of this court was affirmed. 17 Wall. (84 U. S.) 657.] The statement of facts in the foregoing charge of the circuit judge was not objected to by either party, and the main ground of exception on the part of the company was that the case was allowed to go to the jury, it contending that the jury should have been directed, as a matter of law, that the company, in respect to its turntable, owed no duty towards, and hence was under no liability to, the plaintiff. See Brown v. Railroad Co., 58 Me. 384.
[See 8 Fed. 794.]