# WILLIAM W. GAVIN

*v.*

# THE CITY OF CHICAGO.

*Filed at Ottawa November 20, 1880.*

1. ALLEGATIONS AND PROOFS—*as to personal injury from alleged negligence.* An averment in a declaration in a suit against a city to recover for a personal injury resulting from alleged negligence on the part of the city, as to the cause of the injury, is material, and without proof to sustain such allegation there can be no recovery.

2. So, where the declaration in such case alleged that it was the duty of the city to so carefully keep and maintain a street and swing bridge as to protect persons traveling along and upon the same from danger, and on account of the negligence of the city in this regard, the plaintiff, while traveling along and upon the street, "was necessarily and unavoidably thrown down upon said street and bridge, and caught between said bridge and the abutment of the street thereon," and had his arm caught, crushed and broken, and the proof showed that the plaintiff, of his own volition, jumped upon the bridge while it was in motion and before the draw was closed, and fell while attempting to jump off the bridge, and thereby received the injury, it was *held,* the proof failed to show the plaintiff was "necessarily and unavoidably" thrown down, and the variance was fatal.

3. NEGLIGENCE—*contributory—care of children.* A child only four years old left his parents' house, unattended, and without their knowledge or consent, his father being absent engaged in his usual labor, and the mother being sick and confined to her room, and while thus away from home, playing with other boys, the child received a personal injury. In a suit against the city, alleging the injury resulted from the negligence of the city in respect to the condition of a swing bridge, it was shown that the mother, as soon as she discovered the child's absence, had search made for him, and it also appeared that the family were dependent upon the father's daily labor for support: *Held,* that the finding of no negligence on the part of the parents was proper.

4. SAME—*as to the condition of bridges in a city.* It is the duty of a municipal corporation to keep and maintain bridges within the corporate limits in a reasonably safe condition, but it is not required by law to so construct its streets and bridges that accidents shall be impossible to persons using them. Persons having occasion to use them must exercise reasonable care for their personal safety.

5. Where a swing bridge in a city is reasonably safe for persons using ordinary care, and a child, without the fault of its parents, with other chil-

dren playing upon and about such bridge, is injured while the bridge is being handled with the requisite and usual care and skill, no recovery can be had against the city, but the injury must be attributed to accident. The law does not make it the duty of municipal authorities to so construct such bridges as to make them safe for children to play upon and around them—hence they are not required to place guards or mechanical contrivances to keep children off the same.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Mr. PLINY B. SMITH, for the plaintiff in error:

It is not only the duty of a city to keep its streets in a condition to be safe under ordinary circumstances, but it must anticipate and guard against such accidents as may reasonably be expected to occur, and this involves the necessity of erecting railings and barriers at bridges and other points of danger, where the danger can be clearly seen. *Hunt* v. *Town of Pownal,* 9 Vt. 411; *Palmer* v. *Andover,* 2 Cush. 600; *Joliet* v. *Verley,* 35 Ill. 58; *Randall* v. *Cheshire Township,* 6 N. H. 147.

The case is narrowed down by the exclusion of contributory negligence. The plaintiff being only four years old, is too young to be charged with negligence. *Chicago and Alton Railroad Co.* v. *Gregory,* 58 Ill. 226; *Kerr* v. *Forgue,* 54 id. 482. Nor can the parents be charged with negligence. *Kerr* v. *Forgue,* 54 Ill. 482; *Chicago* v. *Major,* 18 id. 439.

The care and precaution required by the city must conform to the character of the locality, a greater degree of care being required in densely populated districts and much traveled streets than in more sparsely settled places and less frequented roads, from which it follows that special features of danger should be particularly guarded against. *Toledo, Wabash and Western Ry. Co.* v. *Harmon,* 47 Ill. 298; *Fitz* v. *City of Boston,* 4 Cush. 365; *Palmer* v. *Andover,* 2 id. 600; *Murray et al.* v. *McLean, Admr.* 57 Ill. 378.

The streets must not only be so kept as to be reasonably safe and secure for all such persons as ordinarily make use of the same, but they must be kept ·in such condition as, contemplating the presence in them of children even of tender age, will guard them from such dangers as such children may reasonably be expected to incur. *Chicago* v. *Major,* 18 Ill. 349; *Chicago and Alton Railroad Co.* v. *Gregory,* 58 id. 226.

The streets must be kept in such condition as not only to be safe under ordinary circumstances, but to anticipate and guard against such accidents as may reasonably be expected to occur. *Hunt* v. *Town of Pownal,* 9 Vt. 411; *Palmer* v. *Andover,* 2 Cush. 600; *Kelsey* v. *Town of Glover,* 15 Vt. 708; *Joliet* v. *Verley,* 35 Ill. 58; *Aurora* v. *Pulfer,* 56 id. 270.

The fact that he was called by other boys to come upon the bridge can not affect the question, as they are not persons chargeable with responsibility for his care; and where an injury is caused in part by the interference of a third party, the person without whose negligence the injury would not have occurred is not absolved from liability. *D. L. & N. T. Co.* v. *Stewart,* 2 Metcalf, 119; *Lane* v. *Atlantic Works,* 107 Mass. 194; *Sheridan,· Admr.* v. *B. C. & N. Ry. Co.* 36 N. Y. 39.

Mr. JULIUS S. GRINNELL, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This action was brought by William W. Gavin, by his next friend, against the city of Chicago, to recover damages sustained on account of the loss of his arm, alleged to have occurred through the negligence of the city authorities in not properly maintaining the swing bridge on Eighteenth street. On the trial in the circuit court plaintiff obtained a verdict for $3000, upon which judgment ·was rendered. That· judgment was reversed by the Appellate Court on the appeal of defendant, and final judgment rendered in that

court against plaintiff for costs.   Plaintiff brings the case to this court on error.

The accident to plaintiff occurred at the swing bridge over the South Branch of the Chicago river, on Eighteenth street, whither plaintiff had gone with other older boys.   The bridge had just been swung around to allow a vessel to pass, and as it was being closed the two older boys, in whose company plaintiff was, jumped on the bridge just as soon as the swing part got to the pathway where people pass on, and one of them called to plaintiff to come on.   A witness who saw the accident says, when plaintiff stepped on the bridge he was on the road bed.   He then seemed to be frightened, stood still, and "commenced to shiver."   The other boys jumped off, and plaintiff undertook to do the same, but fell forward on his face across the space between the bridge and the abutment, and in some way his right arm got between the bridge and the abutment and was crushed.

The declaration contains an averment it was the duty of defendant to so carefully keep, maintain, and manage the street and bridge, as to protect persons traveling along and upon the same from danger, and on account of the negligence of defendant in this regard, plaintiff, while passing along and upon the street, " was necessarily and unavoidably thrown down upon said street and bridge and caught between said bridge and the abutment of the street thereon, and the right arm of plaintiff was crushed and broken."

There is absolutely no evidence to sustain this averment in the declaration as to the cause of the injury to plaintiff.   He was not " necessarily and unavoidably " thrown down on the street or bridge.   The evidence is, plaintiff jumped upon the bridge while it was in motion, and in that way sustained the injury of which he complains.   That which flows or follows from an act of volition can not be said to happen " necessarily and unavoidably."   The variance between the declaration and the proof in this respect is fatal, and would preclude any recovery in the present action, as the pleadings stand.

But the decision may be placed on the broader ground, the evidence makes no case in favor of plaintiff. At the time of the accident plaintiff was only four years old, and of course he was too young to exercise any care for his personal safety. His parents resided on Butterfield street, between Eighteenth and Nineteenth streets. On the morning of the day when the accident occurred his mother was sick and was confined to her bed, and his father was absent from home engaged in his usual labor. Plaintiff left his home without the knowledge of his mother, and as soon as she discovered his absence she directed search to be made at once for him. The family was dependent on the daily labor of the father for support, and were not in such circumstances as would enable them to procure any suitable person to constantly care for the children. Under the circumstances proven, the jury found there was no negligence on the part of the mother touching the care she bestowed on her child, and the Appellate Court was entirely correct in not disturbing the finding in that respect.

The only remaining question in the case is whether defendant was guilty of negligence in regard to the care and management of the bridge where the accident occurred. No special defect is averred in the declaration to have existed in the bridge, nor are the servants of defendant charged with any carelessness in the management of the bridge at the time of the happening of the injury to plaintiff. The averments in the declaration are general as to the want of care in maintaining the bridge, and no specific acts of omission of duty in that regard are charged. It was a swing bridge, constructed as such bridges usually are. So far as the evidence discloses its condition it was in perfect order, and was handled with usual care and skill. The only complaint made on the argument is, that there was no barrier of any kind at the approach of the bridge, and no watchman to guard the same to prevent accidents to persons traveling on the street.

Undoubtedly it is the duty of a municipal corporation to keep and maintain such bridges within the corporate limits

in a reasonably safe condition.   When it has done that it has discharged its duty to the public in that respect.   Persons having occasion to pass over such bridges must exercise reasonable care for their personal safety, and the law has laid that duty on all persons.   It is not understood to be the duty of such a corporation to so construct its streets and bridges that accidents are impossible to persons using them.   That would impose upon them a higher degree of care in this regard than the public welfare demands.   Something must always be left to the provident care of persons using them. The bridge in question was reasonably safe to persons observing ordinary care.   It had no barrier at the approaches when it was opened to allow vessels to pass.   But it is not shown any could have been constructed that would have rendered the bridge more secure than it was.   A number of contrivances had been tried on other bridges in the city, and all of them proved to be worthless for the purposes for which they were designed.   It was not thought they rendered the bridges any safer, and their use was abandoned.   No doubt it would be possible to place a sufficient guard on duty at every bridge that would prevent accidents to careless persons, and to children that might come there to play, or some mechanical contrivance might possibly be constructed that would answer the same purpose; but the law has not made it the duty of municipal corporations to observe such extraordinary care. The bridge, in the condition it was then in, was reasonably safe for all persons using the slightest care for their own safety.   No duty rests on the city to make such bridges safe for children to play around or upon, nor is it expected parents will allow their children to occupy such dangerous places as play-grounds, and if they wander from their homes without the knowledge of their parents, and sustain injury at such places, it must be attributed to mere accident that no care which they are obligated to observe, on the part of municipal authorities, could prevent.

Plaintiff eluded the watchful care of his mother, and in company with others sought this dangerous locality, and while engaged in boyish sports with his little companions sustained painful injury. It was a mere accident, for which no one was really chargeable, and certainly gave plaintiff no cause of action against defendant.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*