EMIL JOHNSON, BY NEXT FRIEND,

v.

CITY OF CHICAGO.

*Municipal Corporations—Personal Injury—Instructions.*

1.   Where the plaintiff fails to make out a cause of action, error in the instructions affords no ground for reversal.

2.   In an action against a municipal corporation to recover for a personal injury, this court holds that the evidence fails to show a cause of action.

[Opinion filed November 9, 1887.]

IN ERROR to the Superior Court of Cook County; the Hon. JOHN P. ALTGELD, Judge, presiding.

Mr. G. G. BELLOWS, for plaintiff in error.

Messrs. H. WASHBURNE and CLARENCE A. KNIGHT, for defendant in error.

McALLISTER, J.   This was an action brought August 4, 1883, by plaintiff in error by his next friend, against the City of Chicago, to recover for a personal injury to the former, received July 15, 1883, by having his foot caught between the south end of the swing bridge on Clark Street, and the north end of the south approach thereto, while said bridge, which had been opened to let a vessel pass, was being closed. The declaration, after setting out the duty of the city in the premises, states the cause of action in these words: "Yet the defendant, not regarding its duty in that behalf while it was so possessed and had the control of said bridge and said approaches to said bridge, to-wit, etc., then wrongfully and negligently suffered the same to be and remain in bad and unsafe repair and condition, and said approaches defective and bad and without proper guards, nor was there any or sufficient light at the approach to said bridge, by means whereof the

Johnson v. City of Chicago.

said Emil Johnson, who was then and there passing along and upon said bridge and said approaches, then and there necessarily and unavoidably was caught by his foot between said bridge and said approaches," etc.

There was a trial under the plea of general issue, verdict for defendant on which judgment passed, and plaintiff brings error to this court.

Upon full and careful consideration of the case we are of opinion that the evidence fails to show a cause of action set out in the declaration. There was no attempt on the trial to prove any defect either in the bridge or approach thereto. There was some testimony tending to show that it was dusky, or getting dark, and that the gas lamps located at the south end of the bridge had not been lighted at the time of the accident; but under the facts that could not constitute a sufficient basis for a recovery, if true. The time was July 15th, when the darkness comes late. The weather was fair and sky clear. It was Sunday evening. The plaintiff, then a boy about seven years of age, whose home was with his parents, living in North Chicago, came in company with and in charge of a Miss Nowackson, an adult member of his father's family, over into the South Side for the purpose of a walk. Starting to go home they reached the place of Clark Street bridge about half past eight o'clock, and, on the west side of the street, walked up to within a few steps of what would be the south end of the bridge, if in place. The bridge, however, had, but little previously, been swung open to let a vessel pass, but was then being turned back in its usual manner to its proper place; and the evidence shows that both Miss Nowackson and plaintiff were aware of the situation of the bridge as respected its having been opened and then being in the process of closing. But it happened that there was at this time an excursion boat lying in the river, just east of the bridge, on which a band of music was playing. That naturally drew quite a collection of persons upon said approach to the bridge, and especially the east side of it. The plaintiff became attracted by the music and his curiosity was excited to see just where it came from. So he urged his attendant to

change positions from the west over to the east side of the street there. They went, taking a position only two or three steps from the end of the approach, or the south end of the bridge, when it should be returned to its proper place. Then the plaintiff found he could not see the boat where the band was, on account of the number of people standing on the east side of said approach. So he began to urge his attendant to go upon the bridge which was not then fully closed. She, knowing the bridge was not fully closed, refused, giving that as a reason, and telling him not to go upon the bridge until it was closed. Thereupon he suddenly pulled his hand out of that of his attendant, sprang toward the bridge before it was fully closed, got his foot caught, whereby it was so crushed as to require amputation. The case is like that of Gavin v. City of Chicago, 97 Ill. 66, and should be governed by it.

We perceive no error in the exclusion of evidence offered on behalf of plaintiff or in admitting any on the part of defendant. One instruction for defendant may be obnoxious to criticism, but the law is well settled in this State, that if the plaintiff fails to make out a cause of action, error in the instructions affords no ground for reversal. The judgment below should be affirmed.

*Affirmed.*