## Franciska Kluska, by Her Next Friend, v. City of Chicago.

1. PRACTICE—*When a Verdict Will be Directed for the Defendant.*— Where the evidence with all the inferences which the jury can justifiably draw from it, is insufficient to support a verdict, the court may direct a verdict for the defendant.

2. VERDICTS—*Where the Court May Properly Direct a Verdict for the Defendant—Illustration.*—In an action brought by a young girl

against the City of Chicago for damages resulting from a personal injury, the evidence showed that the girl with two young companions approached from the west a bridge which crosses the river at Division street and which was at the time open to allow the passage of a boat. They waited upon the sidewalk, near the edge of the opening, for the bridge to close, and when it swung into position and was nearly closed, in the press of the crowd waiting, some one pushed the girl and she was thrown forward on the bridge; her ankle and left leg were caught between the end of the bridge and the abutment, causing the injury for which the action was brought. There was nothing tending to show negligence on the part of the city. *Held,* that the court properly directed a verdict for the defendant.

3. NEGLIGENCE—*By Cities in Constructing Bridges.*—The law does not require a city to construct its streets and bridges so as to make accidents of the kind under consideration in this suit impossible. It is not its duty to observe such extraordinary care.

**Trespass on the Case,** for personal injuries. Error to the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Affirmed. Opinion filed November 1, 1901.

GEORGE W. SHINN, attorney for plaintiff in error.

ANDREW J. RYAN and GEORGE E. GORMAN, attorneys for defendant in error; ROBERTS, ROBERTS & OWENS, of counsel.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a suit for personal injuries. Upon the statement of the case by the attorney for plaintiff in error, and the testimony of two witnesses called in her behalf, whose testimony utterly failed to show any negligence on the part of the city, the court instructed the jury to find the defendant not guilty, and denied a motion for a new trial. That this may be done upon the opening statement of facts by the plaintiff's attorney, when such statement shows the plaintiff not entitled to recover, is well settled. Kapischke v. Koch, 79 Ill. App. 238; Idem, 180 Ill. 47. The facts admitted by the plaintiff's counsel in such opening statement are treated as though established by evidence.

Where the evidence, with all the inferences which the jury can justifiably draw therefrom, is insufficient to sup-

port a verdict, the court may direct a verdict for the defendant. Boyle v. I. C. R. R. Co., 88 Ill. App. 255, and cases there cited.

The manner in which the injury was inflicted for which it is sought to recover is stated to have been as follows: The plaintiff, a minor, with two young companions, approached from the west the bridge which crosses the river at Division street. The bridge was then open to allow the passage of a boat, and they waited upon the sidewalk on the north side of the street, standing near the edge of the opening. The end of the bridge, which, in closing, swung toward the west side of the river, came into its position from the south, and the bridge was therefore nearly closed when the end of it reached the place opposite which the plaintiff was standing. As it swung nearly into place, people standing near began to crowd toward and upon it; and as stated by her attorney, " in the press of the crowd some one pushed against this little girl, and she was thrown forward onto the bridge before it was closed, and her ankle and left leg about half way to the knee was caught between the end of the draw-bridge and the abutment of the street or bridge." The accident occurred in the day-time, the last of July.

There is in this nothing whatever tending to show negligence on the part of the city. It was attempted to show that the bridge-tender, when closing the bridge, allowed some boys to take hold of the lever with him, and help operate it. But it was conceded by plaintiff's attorney and his witnesses testified that the bridge was closed in the usual way, with no difference whatever in its method of operation from what was customary and proper. As the learned judge of the trial court stated, " the fact the boys turned the bridge makes no difference, provided they turned the bridge just the same as a competent man would turn it," and that it was so turned is conceded.

It is urged that the city was negligent in not maintaining guards or gates when the bridge was open. It has, however, been held that the city is not required to so con-

struct its streets and bridges as to make accidents of this kind impossible, and that "the law has not made it the duty of municipal corporations to observe such extraordinary care." Gavin v. City, 97 Ill. 66 (71).

The accident to plaintiff was, by her attorney's own showing, caused, not by the negligence of the city, but apparently by that of unknown persons, who, it is said, pushed her onto the bridge before it was closed. Unfortunate as such an accident to a minor is, the right to recover damages depends upon other considerations. The facts having been as stated, a verdict against the city could not have been sustained if rendered. The Superior Court committed no error in directing a verdict for the defendant, and the judgment must be affirmed.