## Carl R. Coffin, Appellee, v. City of Chicago, Appellant.

### Gen. No. 15,499.

1. NEGLIGENCE—*duty of city to warn.* Held, under the conditions shown by the evidence in this case, that it was the duty of the city when about to raise the bridge in question to give reasonable warning thereof to persons on the street about to go upon such bridge.

2. TRIAL—*when propriety of arguments of counsel not saved for review.* In the absence of an objection with a ruling and an exception, the propriety of arguments of counsel are not saved for review.

3. MOTIONS FOR NEW TRIAL—*effect of written.* Grounds for a new trial not specified in a written motion for a new trial assigning specific reasons, are waived.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed February 16, 1911. *Certiorari* denied by Supreme Court (making opinion final).

EDWARD J. BRUNDAGE and JOHN R. CAVERLY, for appellant; CHARLES B. STAFFORD, of counsel.

THEODORE G. CASE, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellee brought suit against appellant for damages for personal injuries.

The testimony on behalf of the appellee tended to show that the appellee at about seven thirty in the evening of October 7, 1903, was walking west on Randolph street and started to cross on the bascule bridge over the Chicago river. After he was on the same, without warning of any kind the bridge was suddenly raised, causing him to slide down and be caught between the bridge and an adjustable, or movable, iron apron extending west from the wooden part of the sidewalk, crushing his legs and necessitating the amputation of the right leg between the knee and thigh.

The testimony on behalf of the appellant tended to show that the appellee was drunk and disregarded warnings, signal lights and lowered gates to guard the entrance to the bridge, carelessly and recklessly placed himself in a dangerous position, and thereby was injured.

The declaration consisted of two counts. The first count averred as the negligence that the defendant had constructed "certain gates or barriers extending across the street and sidewalk at the approach of said bridge at the respective ends thereof for the purpose

of warning and notifying pedestrians upon said street and sidewalk that the bridge was about to be elevated or opened up  *  *  *  the defendant then and there carelessly  *  *  *  suddenly opened up and elevated the said bridge without lowering or closing the said gates  *  *  *  and without. giving to the plaintiff any signal or warning that the said bridge was about to be opened and operated,'' etc.

The amended second count averred as the negligence, in substance, that the defendant had theretofore stationed at the east end of said bridge a watchman, whose duty it was to give persons reasonable and timely warning of the opening up and elevation of said bridge, etc., yet the defendant carelessly, etc., failed to have a watchman or other person to give the plaintiff any reasonable or timely warning, etc., when said bridge was suddenly opened, etc.

The appellant first contends that the declaration will not sustain a recovery, because the city was not required to maintain barriers or gates, and the averments of the declaration as to barriers or warning should be disregarded. In support of this contention the appellant cites Kluska v. City of Chicago, 97 Ill. App. 665, and Gavin v. City, 97 Ill. 66. We do not think either of these cases in point. The bridge was of the type commonly known as a ''jack knife bridge,'' and it is very clear from the evidence in this case that raising the same with a person thereon was very dangerous. Under the conditions shown by the evidence in this case, it was clearly the duty of the city, when about to raise the bridge, to give reasonable warning thereof to persons on the street about to go upon the said bridge.

Complaint is next made of the closing argument of counsel for appellee. We do not regard same as improper except as to one statement. To that statement no objection was made, and therefore there is no ruling of the court, or failure of the court to rule and exception thereto, before us for review.

The appellant urges error in giving certain instructions on behalf of appellee, and the modification of two of the instructions given on behalf of appellant. The instructions complained of given on behalf of appellee announced correct principles of law applicable to the evidence. One of the modifications complained of was a necessary one; the other was unimportant, for it made no material change in the meaning of the instruction.

The case went to the jury on the first count only. The court, over the objection of the appellant, improperly sent the amended second count into the jury room. The appellant filed a written motion for a new trial, and assigned therein as grounds for a new trial sixteen errors, but no mention of any kind was made therein of this error now complained of in this court. The error was therefore waived. Chicago City Ry. Co. v. Smith, 226 Ill. 178.

Counsel for appellant concludes with an earnest argument that the verdict was against the weight of the evidence. If the testimony introduced by appellee be believed, the city is liable. If the testimony introduced by appellant be believed, there is no liability. The testimony is squarely conflicting, and, as usual in such cases, much can be said in argument by both parties, but we see no particular benefit in a discussion of the testimony. The case has been tried twice and both times a verdict returned for appellee for substantial damages. We are not disposed to hold the verdict clearly and manifestly against the weight of the evidence, and the judgment is affirmed.

*Affirmed.*