Matlock's Adm'r v. Straughn.

MATLOCK'S Adm'r v. STRAUGHN.

REPLEVIN—PLEADING.—It is not necessary that the answer of the defendant in replevin should claim a return of the property; but if the case made by the evidence authorizes a return, it may be awarded by the Court, after verdict.

EXECUTION—CHATTEL MORTGAGE.—Where personal property (mortgaged) continues in the possession of the mortgagor, and is taken in execution to pay his debt, it is incumbent on the mortgagee, in an action to recover the same, to show that the mortgage had been recorded within ten days after the execution thereof.

APPEAL from the *Putnam* Circuit Court.

WORDEN, J.—Action by the appellant against the appellee, to recover the possession of certain personal property. Issue, trial, finding and judgment for the defendant.

One *Wright* and others had recovered a judgment against *John W. Matlock;* and by virtue of an execution issued thereon, the defendant, as deputy sheriff, had levied upon the property in controversy, as the property of said *John W. Matlock*, the judgment defendant. The plaintiff claimed the property by virtue of a mortgage, executed by *John W. Matlock* to the intestate, *David Matlock.* The appellant claims that the Court, who tried the cause, admitted irrelevant and incompetent testimony, and that the finding was not sustained by the evidence. These objections can not prevail. Strike out all the appellant objected to, and still the finding is right. The property, after the execution of the mortgage, continued in the possession of *John W. Matlock*, and there was no proof that the mortgage was recorded within ten days, as required by law in such cases. 1 R. S. 1852, p. 301, sec. 10; *Chennyworth* v. *Daily*, 7 Ind. 285.

It is also objected, that the Court erred in awarding a return of the property, the defendant, in his pleadings, not naving prayed such return. It was not necessary that the

defendant, in his pleadings, should have claimed a return of the property. *Conner et al.* v. *Comstock, et al.*, 17 Ind. 90.

The Court rendered judgment against the plaintiff, personally, for costs. This was a mere clerical error, if erroneous, and might have been amended in the Court below, and, according to the case of *Stevenson* v. *Bruce*, 10 Ind. 397, will be deemed amended here. No question was made in this respect in the Court below, and it can not be made for the first time in this Court.

*Per Curiam.*—The judgment below is affirmed, with costs.

*C. C. Nave*, for the appellant.

*Rand & Hall*, for the appellee.