*A. Ellison,* for appellant.

*Wade* and *Redmond,* for appellee.

## Whitney and Others *v.* Lehmer and Others. .

REPLEVIN.—SUIT ON BOND.—Where in an action of replevin the defendant has judgment for a return of the property, but the value of the property is not ascertained by the verdict of the jury, as the statute requires, the defendant may still have his action on the bond to recover the value of the property. Page 506.

SAME.—The statute which requires the jury to assess the value of the property in such cases, and provides that the judgment may be in the alternative, for the return of the property or for its value in case a return cannot be had, provides a new remedy, but does not destroy the remedy

| 26 | 503 |
| 167 | 531 |
| 167 | 533 |
| 167 | 534 |

at common law, by a suit upon the bond for a breach of its condition. Page 506.

PLEADING.—FRAUD.—Where one who claimed as an assignee, under a general assignment for the benefit of creditors, executed in the State of *Maryland,* alleged in his answer "that the assignment was valid, according to the laws of *Maryland,*" and a reply in denial of the answer was filed,

*Held,* that under the issue joined, evidence that the assignment was void by reason of actual fraud, was properly admitted. Page 508.

GARNISHEE.—VOLUNTARY APPEARANCE.—If one against whom an affidavit of garnishment has been filed, but upon whom no summons has been served, voluntarily appears and answers, he cannot afterwards object that he was not served with process. Page 510.

ASSIGNMENT OF ERRORS.—An objection to the form of the judgment below is not presented by an assignment of error as follows: "The court erred in rendering judgment for the plaintiff below." Page 511.

APPEAL from the *Jefferson* Circuit Court.

FRAZER, J.—The appellees, in a civil suit prosecuted by them against one *Michael Herr,* obtained process of garnishment against the appellants, *Whitney, Roloson* and *Appold.* There was service of the process of garnishment on *Whitney* only—a return of "not found" being made as to the other garnishees. The claim against the garnishees was founded upon a bond executed by *Roloson* and *Appold* as principals, and by *Whitney* as surety, and delivered to the sheriff in an action of replevin, which had been instituted in 1856, in the same court, by the principals against *Herr,* to obtain the possession of ninety-three boxes of middles, the property in controversy in that suit. The bond was conditioned as the law requires in such case, and it was alleged that it was adjudged in that suit that *Herr* was the owner of the property and that he have return thereof, and that the conditions of the bond were broken. Upon the prayer of the garnishees, all of whom appeared and answered, *Barry* was made a party, appeared and answered, and joins in this appeal.

The first question before us grows out of the action of the court below in sustaining demurrers to the second paragraph of the separate answers of *Whitney, Roloson* and *Appold.* These paragraphs were alike, and aver that *Whitney* was only surety in the bond; that *Herr,* in the replevin

suit, merely took judgment for the return of the property, and that the value thereof was not assessed or found in that suit, nor was any judgment rendered therefor.

The statute requires that in replevin the jury shall assess the value of the property and also the damages for the taking or detention thereof, whenever by their verdict there will be a judgment for the recovery or return of it. 2 G. & H., § 339, p. 206. It is also enacted that when the defendant in such a suit is entitled to a return of the property, the judgment for him may be in the alternative; for such return, or the value of the property in case a return thereof cannot be had. 2 G. & H., § 374, p. 219.

The question whether the defendant in replevin, when upon a trial he has obtained a judgment for the return of the property without an assessment of its value, as the statute requires, can, in a suit upon the bond, recover the value of the property, for a breach of the condition to return the property if such return be adjudged, has never been directly decided in this court since the taking effect of the statutes above referred to. In *Wheat* v. *Catterlin,* 23 Ind. 85, an attempt was made to raise the question, but an amendment had been made to the complaint in that case which avoided it; and as it was held that the amendment was properly made, of course the question was not in the case. In *Story et al.* v. *O'Dea, et al. id.* 326, the replevin suit was voluntarily dismissed by the plaintiffs therein, there being of course no trial or verdict. The statutes cited cannot, it seems to us, apply, unless there is a trial.

The appellants' counsel cites *Robertson* v. *Caldwell,* 9 Ind., 514; *Hotchkiss* v. *Jones,* 4 *id.* 260; *Mikesill* v. *Chaney,* 6 *id.* 52; *Stockwell* v. *Byrne,* 22 *id.* 6; *Tardy* v. *Howard,* 12 *id.* 404; *Chissom* v. *Lamcool,* 9 *id.* 530; *Conner* v. *Comstock,* 17 *id.* 90; *Noble* v. *Epperly,* 6 *id.* 468. We do not deem any of these cases in point upon the present question, and most of them have no tendency whatever to illustrate it. *Conner* v. *Comstock* and *Tardy v. Howard* are to the effect that it is error to render a judgment of return upon a verdict which fails to

assess the value of the property. But that is not now the inquiry. Such a judgment was here rendered upon such a verdict. It is clearly not a void judgment, and the question is, what are the liabilities of the obligors in the replevin bond, who undertook that the plaintiff in that suit would return the property if such return should be adjudged, as it has been? Is the defendant in that suit precluded from recovering the actual damages which resulted to him, merely because the jury in that case failed to find the value of the property? We borrowed the provisions of the statute already referred to from the code of New York, but, so far as we are aware, the courts of that State have not passed upon this question.

In the absence of direct authority, then, the case must find its solution in such general rules of the law as seem to be applicable to it. It will be noticed that the statute under examination contains no negative words, nor does it purport to prescribe a mode by which a remedy may be obtained upon the bond, or the tribunal where that remedy shall be sought. It does not even regulate the practice in a suit upon the bond; it is the practice in the replevin suit only which it prescribes. We have, then, a valid bond, its conditions broken; what is the measure of damages for breach of the condition to return the property? The answer furnished in all the cases ever decided, when no statute interfered, is the value of the property at least, this value to be shown as in ordinary cases involving an inquiry as to value. The case is not one where the statute creates a new right, giving a particular remedy therefor. In such a case the statutory remedy is the only one. But this is a right of action arising by the common law out of a breach of the contract, and if the statute gives a remedy without negative words, the common law remedy still remains and may be pursued at the plaintiff's option. An assessment of the value of the property in the replevin suit, and a judgment in the alternative for its return or its value, would, as evidence, undoubtedly have bound the parties upon the

question of value, for the reason that it would have been a judicial determination of that question by a tribunal having that authority, putting it at rest forever. But it does not follow that the absence of such assessment and judgment shall have the practical effect of a finding and judgment that the property was of no value, or that no other tribunal shall examine the question. Common justice, as well as reason, would be shocked by the announcement of such a doctrine. The statute does not so declare, either in terms or by any implication which the recognized rules of construction will warrant. Grant that the plaintiffs had the right to have the verdict of the jury which tried the replevin suit, upon the question of the value of the property. They should have asserted that right, and failing to do so then, when they should have acted, shall they do so now when it is impossible for their adversary to obtain that verdict? Nor can the surety, *Whitney*, be deemed to be in any better position than his principals. His liability is coextensive with theirs. Nothing has been done to work his discharge, if it be conceded that his principals are yet bound. For these reasons we are of opinion that the demurrers were correctly sustained.

The garnishees and *Barry* answered, also, that prior to the issuing of the writ of garnishment, *Herr* had executed a general assignment to *Barry*, for the benefit of his creditors, by force of which the replevin bond had been transferred to *Barry*. The latter, by his answer, claimed the bond and its avails as such assignee. The deed of assignment was executed in the State of *Maryland*, both parties thereto being citizens of that State, and domiciled therein, and bears date before the commencement of this suit, and before the enactment of our statute concerning voluntary assignments. It is alleged, generally, that it was valid by the laws of that State. It provides for creditors as follows: 1. For the payment of certain of them in full. 2. For the payment of all others in full, or *pro rata*, if the fund should be insufficient to pay them in full, who should within ninety

days assent to the terms of the assignment, and execute releases in full to *Herr.* 3. For the payment of all other creditors *pro rata.* Reply, general denial.

There was a finding for the plaintiffs for the value of the property adjudged to be returned, and interest thereon from the date of the judgment of return. The correctness of this finding is questioned here, as being against the evidence. The first inquiry which is discussed by counsel, is whether the deed of assignment to *Barry* is void in law? If this question is to depend upon the laws of *Maryland,* it is a question of fact which was in issue by the pleadings, and was found against the appellants. The evidence was apparently conflicting upon the subject. Five lawyers of *Maryland* testified upon it as experts, three of whom were of opinion that the deed was, upon its face, valid by the laws of that State, and that extrinsic proof that the grantor had real estate or other property in other states which, by the laws thereof, the deed would not operate to pass, would not by the laws of *Maryland* render it void. A fourth witness did not agree as to the effect of such extrinsic evidence upon the deed, and the fifth expressed the opinion that by the laws of that State the instrument was fraudulent in law and in fact, but his cross-examination clearly discloses that he wishes to be understood that for aught that appears upon its face, it is in his opinion valid by the laws of *Maryland.*

There was extrinsic evidence tending to show actual fraud in the execution of the instrument, which, if proper to be considered under the pleadings, would preclude us from disturbing the finding. This evidence was admitted without objection below, and gives the transaction a strong appearance of actual fraud, especially when it is considered that this evidence was capable of easy explanaation if the assignor did act in good faith; that the explanatory facts were peculiarly within the reach of the assignee, *Barry;* that they were not easily accessible to the appellees, and that there was no attempt to make the requisite ex-

planations.  The account books of *Herr*, which, by the assignment, passed into *Barry's* hands, would, if it were possible to show it, have shown to have been honest much of what otherwise has the *indicia* of fraud about it.  Those books were not produced, and, indeed, there was evidence tending to show that *Barry* did not allow others to examine them.  In short, if the evidence offered tending to show actual fraud can be considered, we are able to reach no conclusion other than that the finding was according to the very right of the case.  But it is urged that this evidence can have no weight here, and, though not objected to below, should not have been considered, for the reason that there was no issue made by the pleadings to which it was applicable, the reply to the answer being merely a denial.

The issue tendered by the averment of the answer "that the assignment was valid according to the laws of *Maryland*," was in its literal terms broad enough to admit any proof tending to show that it was void by the laws of that State, either upon its face, or on account of actual fraud. The garnishees were not bound to make so comprehensive an averment; it would have been sufficient for them to have alleged that upon its face the instrument was valid in *Maryland*.  They were not obliged by the rules of pleading to have affirmed more than this.  They could have waited for the plaintiffs to allege actual fraud, and could have required that it be specifically alleged.  *Webster* v. *Parker*, 7 Ind. 185; *Keller* v. *Johnson*, 11 *id.* 337.  But they chose, in effect, thus to aver the *bona fides* of the transaction.  The reply of general denial made an issue upon that averment. The evidence disclosed that by the laws of *Maryland*, actual fraud would make the assignment void, and it justified a finding that actual fraud existed.  This evidence was admitted and the question investigated below without objection.  There was a fair trial and determination of the cause upon the merits, though the issue was awkwardly and informally made.  Under such circumstances, the statute (§ 580 of the code) forbids that we shall disturb the find-

ings. In this ruling we do not go to the extent of what has been formerly held here. In *Lyon* v. *Perry*, 14 Ind. 515, there was a failure in the complaint to aver the essential fact constituting a right of action against one of the defendants. That fact was proved on the trial without objection. It was in no manner whatever put in issue by the pleadings. It was held that the judgment must be affirmed because there had been a fair trial upon the merits. Indeed, § 382 of the code would have justified that decision, even if a demurrer had been erroneously overruled to the complaint, and error assigned upon that ruling.

The views of the case already expressed, render it unnecessary for us to determine a question of some difficulty argued in the briefs, namely, whether the validity of the deed of assignment is to be tested by the laws of *Maryland*, and therefore we express no opinion upon that subject. It is objected that the court below had no jurisdiction of the appellants, *Roloson*, *Appold* and *Barry*. *Barry* was not a necessary party; he became such at the prayer of the garnishees and by his own voluntary appearance. No judgment was entered which might not have been properly obtained in his absence, and none against him, even for costs. He came into the case without the action of the appellees, and it would be a novelty to say that this fact shall, at his instance, or that of the garnishees, prejudice the appellees or deprive them of the results of the litigation. *Roloson* and *Appold* appeared voluntarily as garnishees and answered, contesting every inch of ground. So far as they are concerned, the only object of the service of a summons upon them is to notify them of the proceedings. This they could and did waive. It does not belong to them to say here, for the first time, that they were not served with a summons; it is trifling with the court. *Whitney* cannot complain of it; for he is not injured thereby, but rather benefited.

The judgment against the garnishees is in the following form: "It is therefore considered that the plaintiffs recover of the defendants (naming the garnishees) the said

sum of $4,016 50, together with their costs in this behalf expended." It is submitted for our consideration whether this is not erroneous, inasmuch as it is not adjudged expressly, that it is in satisfaction of the liability upon the undertaking, and does not determine that the parties against whom it is rendered shall be protected against any claim of *Barry* or *Herr* upon the undertaking.

There is no error assigned which, under the statute requiring "a specific assignment of all errors relied upon" (§ 568 of the code), will enable us to consider the objection suggested. It is assigned for error that "the court erred in rendering judgment for the plaintiffs below." But the statute requires that the judgment against the garnishee shall be in favor of the plaintiff in the action: 2 G. & H., § 140, p. 149. No objection to the form of the judgment can be reached by such an assignment of errors.

If the judgment should have provided, as we think it ought, that the surplus of the money recovered from the garnishees, remaining after satisfying the judgment against the principal defendant, should be paid to *Herr*, we cannot, for the reason already given, correct the error now.

The judgment is affirmed, with costs, and five per cent. damages.

*C. E. Walker*, for appellants.

*J. Sullivan*, for appellees.