Mr. Justice MILLER
 

 delivered the opinion of the court.
 

 . 1. The first error assigned and mainly relied on is that the bond or. which the suit is brought having been given to the
 
 *213
 
 sheriff, this action cannot be maintained by Lomme, the party for whose benefit it was really given.
 

 .This question has been decided differently by different State courts under precisely the same code of practice.
 

 In several of these it has been held that the real party in interest is always the proper plaintiff, while in others it is held that the suit must be brought by the obligor in the bond for the use of the party in interest.
 

 Without expressing any opinion of our own on the question, we hold that as it is one which arises under their own code of practice, we should, in this conflict of authority, adopt the ruling of the Supreme Court of Montana in the consideration of it. This assignment of error is, therefore, not well taken.
 

 2. The next objection is that the verdict in the replevin suit did not find the value of the property, and that there was no alternative judgment for that value or the return of the property.
 

 On this question also conflicting authorities are produced as to what judgment should have been rendered under codes precisely similar to the Montana code in regard to actions of replevin. And in the case of
 
 Boley
 
 v.
 
 Griswold
 

 *
 

 in a direct appeal, we have held that a judgment in replevin may be good though the alternatives are not expressed. But we are not now considering whether that judgment was erroneous or not. No writ of error to that judgment is pending in this court. As the jury found for the defendant, the sheriff, and the court rendered judgment for a return of the property to him in a suit in which it had jurisdiction to render that judgment, it is not void because it did not add something else which it might have added.
 

 The undertaking of the plaintiffs in error was “ for the prosecution of saivd action (of replevin), for the return of said property, if return thereof be adjudged,
 
 and
 
 for the payment to the said defendant of such' sum as may from any cause be recovered against said plaintiffs.” The judgment, there
 
 *214
 
 fore, which is valid until reversed, established one of the conditions on which the plaintiffs in error agreed to be liable, and as the property was not returned, either by them or by Watson, they are liable to an action on their contract.
 

 3. Nor do we think the court erred in refusing to instruct the jury that Lomme could only recover the value of the interest of theKintzings in the property. This would have been to try the action of replevin over again. If Watson had no right to the property he had no business to interfere, and if he thought some person not yet before the court had a paramount interest in it he should have* returned the property and left such person to assert his own rights. Having replevied the property and- failed to establish his own right to it in the suit thus provoked by him, he is but a trespasser in holding possession afterwards.
 

 4. Nor do we think that it was necessary that an execu tion should have been issued to retake the property under the judgment in the action of replevin before the liability of the plaintiffs in error in the replevin bond accrued. They undertook, themselves, in express terms, that they would be liable if a judgment for return of the property was had, and not on condition that it could not be had on execution. This question was before us in the recent case of
 
 Douglas
 
 v.
 
 Douglas,
 

 *
 

 in which it was held that the judgment of
 
 de retorno habendo
 
 rendered the party liable on a replevin bond.
 

 5. The bill of exceptions shows that the goods, at the time they were replevied, were worth from $7000 to $10,000. The verdict of the jury was for $5000, the penalty of the bond. As there is nothing in the record to show that there was not due to Lomme on his judgment against the Kintzings, including interest and costs, and for the costs and expenses of defending the replevin suit, the sum of $5000, all these elements of damages being before the jury, we cannot say that the verdict was for too much or that the judgment rendered on it was erroneous.
 

 6. A point was made in the defendant’s brief that there
 
 *215
 
 was no judgment found in the record, and an inspection of it showed that while the judgment of the Supreme Court of the Territory merely in terms affirmed the judgment of the District Court, the judgment of the District Court was not in the record, and, in fact, no judgment was to be found in the record which we could either reverse or affirm.
 

 Under these circumstances, as the defendants in error had made no objection, by motiou to dismiss the writ, or otherwise, before the hearing, the court heard the argument, and of its own motion gave the plaintiffs time to perfect the record by certiorari, if it could be done. The proper judgment has since been certified to this court, and it is now
 

 Affirmed.
 

 *
 

 20 Wallace, 486.
 

 *
 

 21 Wallace, 98.