## HALEY *v.* THURSTON.

An attachment is not dissolved by the filing of a petition in bankruptcy
within four months after, when no assignment in bankruptcy has been
made and no further proceeding had upon the petition.

A sheriff is liable for the default of his deputy in neglecting to levy an
execution in his hands upon, or to make a seasonable demand upon, a
receiptor, for property, under a valid attachment in the suit.

CASE, against a sheriff, for the default of his deputy, who, on a
writ for a valid debt, had, in 1876, attached the property of the
debtor and obtained a responsible receiptor, and who, within thirty
days after judgment in the suit, had received an execution, with a
request to levy the same upon the attached property, and did not
make the levy nor a demand on the receiptor. He forgot to do so,
and the demand was thereby lost. Within four months after the
attachment, and more than thirty days after the judgment, the
debtor filed his petition in bankruptcy, upon which no further pro-
ceedings have been had. The facts not being in dispute, a verdict
for the plaintiff was ordered.

*Currier* and *Whipple*, for the defendant.

*Hibbard*, for the plaintiff.

By the United States bankrupt law (Rev. Stats. U. S., s. 5044),
it was the assignment of the bankrupt's property, and not the peti-
tion, that dissolved an attachment made within four months next
preceding the commencement of the bankruptcy proceedings.
There being no assignment, there was no dissolution of the attach-
ment. At the time of the petition there was no attachment to be
dissolved. It had been lost, and the receiptor discharged at the
end of thirty days from the judgment, and the deputy's neglect to
avail himself of the attachment lien within that time fixed the
defendant's liability.

ALLEN, J. The debtor, whose goods the defendant's deputy
attached upon mesne process, filed his petition in bankruptcy within
four months after the attachment, and no proceedings have been
had upon the petition since. The mere filing of a petition in bank-
ruptcy did not divest the debtor of his title to the property, nor
dissolve attachments made upon it within four months prior to the
filing. Though the assignee's title relates back to the commence-
ment of the bankruptcy proceedings, he takes his title by virtue of
an appropriate deed, and until the assignment is made no lien ex-
isting when the proceedings commenced could be dissolved. It is
the assignment, and not the filing of the petition, that dissolves an

immature attachment.    Rev. Stats. U. S., *s.* 5044; *Hampton* v. *Rouse*, 22 Wall. 263, 273.    In this case the question of the dissolution of the attachment by the bankruptcy proceedings can have no effect, for the plaintiff's lien by attachment was lost at the end of thirty days after the judgment, and the bankrupt's petition had not then been filed.    So far as the plaintiff's rights were concerned, there was no attachment to be affected by a petition in bankruptcy. The defendant's deputy, having received an execution on a judgment obtained by the plaintiff, with instructions to levy upon the property attached, neglected to do so.    Having a good receipt for the property, he made no demand upon the receiptor, and took no steps whatever to have the execution satisfied.    He offers no excuse for his want of diligence.    The attachment lien existed at the time, and by the deputy's neglect the plaintiff has lost his remedy upon the attached property, and for this neglect the defendant is liable.

*Judgment on the verdict.*

FOSTER, J., did not sit: the others concurred.