No. 8121.

ROBINSON ET AL. *v.* SHATZLEY.

REPLEVIN.—*Nominal Damages.*—In an action for the recovery of personal property under section 128 of the code, where it is shown that the property was wrongfully taken and unlawfully detained, the plaintiff is entitled to recover nominal damages without proof of actual damages.

SAME.—*Proof of Detention of Property.*—It is not necessary, in order to maintain such action, for the plaintiff to prove that the property was detained by the defendant in the county where the action is brought. Such proof, if necessary in any case, is only required where the immediate possession of the property is demanded.

SAME.—*Demand.*—Where it is alleged and proved that the property was unlawfully taken and unlawfully detained, no demand before suit is necessary.

From the Jasper Circuit Court.

*M. F. Chilcote,* for appellants.

*F. W. Babcock,* for appellee.

MORRIS, C.—This action was brought by the appellee to recover the possession of a roan cow of the alleged value of $25, one brown cow and heifer calf of the value of $28, and one bull calf of the value of $12. The complaint states that the plaintiff below was the owner, and entitled to the possession, of said property ; that the same had been wrongfully taken, and was unlawfully detained by the defendant Robinson, under color of a writ of attachment, issued out of the Jasper Circuit Court, in favor of the defendant Fendig, against

the property of Charles Shatzley; that the plaintiff esti-mates the value of the property at $60.00. She demands judgment for the recovery of the possession of the property, and damages for its detention.

The defendants below answered the complaint by a gen-eral denial. The cause was submitted to a jury, who returned a verdict for the appellee. The appellants moved the court for a new trial. The motion was overruled, and judgment was rendered for the appellee. The defendants below ap-pealed to this court, and have assigned the ruling of the court upon the motion for a new trial as error.

The evidence, which is properly in the record, tends to support the verdict. The appellee testified that the property belonged to her; she states how she came by it, and swears that it was worth more than the jury found it to be worth. Another witness corroborates her statements. The testimony shows that the property was taken by the appellant Robin-son on a writ of attachment, issued in favor of the appellant Fendig, against Charles Shatzley, as stated in the complaint, and that he and his co-defendant were informed, at the time he seized the property, that it belonged to the plaintiff.

The appellants insist that there was no proof that the appellee had sustained any damages by the taking and deten-tion of the property, and that, as the jury found that she had sustained nominal damages to the extent of one cent, their motion for a new trial should have been sustained. We think otherwise. If the appellants wrongfully took and unlawfully detained her property, she was entitled to recover nominal damages without proof of actual damages. 1 Sedgwick Dam-ages, 88. The appellants also insist that it was necessary for the appellee to prove, in order to maintain the action, that the property was detained by the appellants in Jasper county. Such proof, if necessary in any case, is only required where the immediate possession of the property is demanded. 2 R. S. 1876, p. 89. No order for the seizure of the property

was demanded or issued in this case. The action was for the possession of the property under section 128 of the code. The appellants also insist that proof of a demand was necessary in this case, and that, as no such proof was made by the appellee, their motion for a new trial should have been sustained. As the property in this case was alleged and proven to have been wrongfully taken and unlawfully detained, no demand was necessary. *Robinson* v. *Skipworth*, 23 Ind. 311.

The judgment below should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be, in all things, affirmed, at the costs of the appellants.