No. 9698.

YELTON ET AL. *v.* SLINKARD ET AL.

REPLEVIN BOND.—*Verdict.*—*Value of Property.*—*Damages.*—The failure of the jury, in replevin, to assess the value of the property, as the statute requires, will not prevent the defendant from recovering its value, in a suit on the undertaking, when return is adjudged and is not made, or damages for injury to the goods while held by the plaintiff.

Yelton *et al. v.* Slinkard *et al.*

SAME.—*Measure of Damages.*—When there is a judgment of return against the plaintiff in replevin, and he fails to return some of the goods, and returns the rest injured by bad packing and storage, the measure of damages in a suit on his undertaking is the value of the goods not returned, with six per cent. per annum from the time of replevin, and the deterioration in value of those returned resulting from the causes named, with six per cent. per annum from the date of their return.

From the Knox Circuit Court.

*S. O. Pickens* and *H. Burns,* for appellants.

BICKNELL, C. C.—Samuel W. Slinkard and Henry Slink-- ard were defendants in an action of replevin brought by Wiley Tindolph.

The sheriff took the goods under the writ of replevin and delivered them to Tindolph, who gave the usual statutory undertaking signed by the appellants. Tindolph failed to recover, and the Slinkards had judgment against him for a return of the property and for costs. Under the civil code of 1852, sections 339 and 374, the jury are required to assess the value of the property and damages for the taking or detention of it, whenever, by their verdict, there is a judgment for the return of the property; and when the property has been delivered to the plaintiff, judgment for defendant may be for a return of the property, or its value in case a return can not be had, and damages for the taking and withholding of the property. The failure of the jury to assess the value will not prevent the plaintiff, in an action on the undertaking, from recovering that value if a return can not be had. *Whitney* v. *Lehmer,* 26 Ind. 503; *Noble* v. *Epperly,* 6 Ind. 468; *Chissom* v. *Lamcool,* 9 Ind. 530.

Where the property has been delivered to the plaintiff, and he succeeds in the action, he is entitled to damages for any deterioration in the value of the property while in the hands of the defendant, and for expense and time lost in searching for it, *Mitchell* v. *Burch,* 36 Ind. 529; but not for time spent in commencing the action, *Blackwell* v. *Acton,* 38 Ind. 425;

and the damages may be merely nominal. *Stevens* v. *McClure*, 56 Ind. 384; *Robinson* v. *Shatzley*, 75 Ind. 461.

And where the property is adjudged to the plaintiff and is not returned, or can not be found, he is entitled to a judgment for the value, although he did not claim the value in his complaint. *Singer Mfg. Co.* v. *Doxey*, 65 Ind. 65.

In the replevin suit above mentioned, there was no assessment of the value of the property or of damages for withholding it.

The Slinkards brought this action against the appellants on their undertaking aforesaid; afterwards Henry Slinkard died and his administrator was substituted for him.

The complaint assigned three breaches of the undertaking:

1. The goods were in sound merchantable condition when delivered to Tindolph, on June 23d, 1879; he had them until January, 1880; he then returned them damaged by water, dampness, exposure to bad weather, wear and tear of transportation, mould, mildew, rough usage, breakage, decay, and want of proper care and attention, and the amount of damage as to each article was particularly stated.

2. A part of the goods, particularly described, were not returned.

The third breach was struck out. A motion to strike out the first breach was overruled. A demurrer to the first breach was overruled. The defendants answered in two paragraphs:

1. The general denial.

2. That said Tindolph returned the property.

The plaintiffs replied in denial of said second paragraph. The issues were tried by a jury, who found for the plaintiffs, with $400 damages. The defendants moved for a new trial; this motion was overruled, judgment was rendered on the verdict and the defendants appealed.

The errors assigned are:

1. Overruling the appellants' motion to strike out the first breach.

2. Overruling the demurrer to the first breach.

3. Overruling the motion for a new trial.

The first of these assignments presents no available error. *Lawless* v. *Harrington*, 75 Ind. 379.

In support of the second assignment of error, the appellants claim that as the appellees had no damages assessed in the replevin suit, for the taking or detention of the property, they can recover none in a suit upon the undertaking; but in this they are mistaken. The undertaking contains three stipulations:

1. To prosecute with effect and without delay, and this stipulation is broken by a failure to prosecute with success. *Brown* v. *Parker*, 5 Blackf. 291.

2. To return the property, if return be adjudged.

3. To pay all such sums of money as may be recovered by the defendants in the action, for any cause whatever.

In the case at bar, the first breach undertakes to state a cause of action on the second stipulation alone. It does not claim that any sums of money were recovered by defendants in the replevin suit, and that, therefore, the third stipulation has been broken. There could be no breach of that stipulation if no sums of money were recovered in the action; but there may be a breach of the second stipulation without any breach of the third.

The second stipulation is broken by a failure to return the property, if return is adjudged. Where there is a breach there are damages; and the questions are, what is a sufficient return of the property, and what is the measure of damages for a failure to return?

A return of less than all the property is not sufficient, and a return of what is nominally all the property, but is damaged, worn out and decayed by exposure to the weather and neglect and bad usage, or any act or omission of the plaintiff, is not sufficient. The statute contemplates that the property shall be returned substantially as it was when taken.

The next question is, what is the measure of damages for

such a failure to return? If the property had been entirely destroyed, so that a return could not be had, the measure of damages would be the value of the property, at least. *Whitney* v. *Lehmer, supra.* Where it is only partially destroyed, so that the property is returned in a damaged condition, caused by any improper act or omission of the plaintiff, the measure of damages must be at least the difference between the value of the property so damaged and its value when taken. When the defendant in replevin has a judgment for the return of the property, but has not had damages assessed for the withholding of it, so that there can be no breach of the third stipulation of the plaintiff's undertaking, and the property is afterwards returned, but in a damaged condition, caused by the improper act or omission of the plaintiff, that is a breach of the second stipulation in the undertaking, and the defendant in an action therefor can recover the damages sustained by such deterioration. There was, therefore, no error in overruling the demurrer to the first breach of the undertaking assigned in the complaint.

As to the third assignment of error, the only reasons for a new trial alluded to in the brief of the appellants are the fifth, the first and the third which are as follows:

5th. Because of error committed by the court in giving to the jury of its own motion instruction numbered 3.

1st. Because the verdict of the jury is not sustained by sufficient evidence.

3d. Because the damages assessed by the jury are excessive.

Instruction numbered three was as follows:

"The bond sued on in this action required, among other things, that Tindolph should return all the goods to these plaintiffs, if such return should be adjudged by the court. This bound the plaintiff not only to return the goods under the judgment of the court, but to return them substantially in as good condition as they were in when he received them under the writ from the sheriff. If, therefore, the jury find, from a preponderance of the evidence, that any of the half-

high boots were delivered to Tindolph under the writ, and were not returned to these plaintiffs, pursuant to the judgment of the court, the plaintiffs will be entitled to a finding for their value when they were delivered to said Tindolph, as may be shown by the evidence, and six per cent. interest thereon from that time till the present. And if the proof shows that the goods named in the complaint as having been damaged were damaged during the period and in the manner alleged in said complaint, and returned to these plaintiffs in such damaged condition, they will be entitled to a finding for the difference, if any, shown by the evidence, in the value of the goods, resulting solely from such damage, and six per cent. interest thereon from the date of such return."

It follows, from what has been said in reference to the second assignment of error, that there was no error in the foregoing instruction.

The first and third reasons for a new trial may be considered together.

Jonas W. Slinkard testified: "I saw the goods that were replevied in Tindolph's store, in Vincennes; they were in a good condition for sale; this was about a week before they were replevied; I saw them again in January, 1880, the day after they had been returned; Thomas Bartlett, Moses and Henry Slinkard and I opened the boxes and examined the goods; the rubbers in cartons were melted and run together; this was caused by their getting warm."

Here the plaintiffs offered to prove the difference in the value of the goods at the time they were replevied and at the time they were returned to the plaintiffs; to which proof and evidence the defendants objected, for the reason, then stated to the court, that the defendants are not liable in this action for any damage except what was recovered in the replevin suit, and the court overruled said objection. The witness further said: "The boots were jammed up a little, and injured in handling; some were mouldy, and had mildew upon them; mould and mildew are caused by dampness and heat;

the difference in value between the goods when replevied and the goods when returned was thirty-three per cent., exclusive of any fluctuation or change in the market price." On cross-examination this witness said: "All the goods had been returned except six pair of men's half-high boots; I did not fix any separate damage for mould, mildew, or rough handling, but I lumped it all together."

Thomas Bartlett testified: " I helped to open the boxes and examine the goods; we found them in rather a bad condition; some of the goods were mouldy; the boots, cloth shoes and rubber goods were wrinkled up; the mould was caused by dampness; there were shoes in the paper boxes, but they were not put in in regular order; some were crushed and in a bad fix; some of the cartons were in a bad fix— looked as if they had been wet." This witness said: " I was requested by George Lee, agent of the I. & V. railroad, to help open and examine the goods and assess damages."

Moses Slinkard testified: " In January, 1880, I and Thomas Bartlett and Jonas Slinkard opened the boxes and examined the goods; found they were all returned except six pairs of mens' half-high boots, worth, two pairs, $5 per pair, three pairs, $4.25 per pair, and one pair worth $4; some of the boots and shoes were mouldy and mildewed; ladies' serge shoes were rumpled up from bad packing; rubber goods were rumpled up; the boots and shoes were mixed up; some were in paper boxes, some of which were injured by mould, and looked as if they had been in a bad place; about one-half of the paper boxes were damaged."

Charles H. Reeve testified: " I saw the goods in plaintiffs' store before they were taken on the writ of replevin; they were then in good condition; I saw them when they were brought back, in January, 1880; they were not in good condition then ; some were mouldy, some of the ladies' shoes looked like they had been wet; boots were mouldy; cartons looked like they had been wet; the difference in value between the goods when taken and when returned was one-third, and

amounted to $481.95; when the goods were taken they were worth from $1,200 to $1,400; I was clerk in plaintiffs' store."

Samuel W. Slinkard testified: " When the goods were taken by the sheriff I had had them from ten to fifteen days; when taken by the sheriff the goods were worth about $1,400; they were then in good condition and salable, except a few old goods; they were taken in June, 1879; I next saw them in January, 1880; they were returned to my store by George Lee, and I saw them the next day; Jonas and Moses Slinkard and Thomas Bartlett were present; the goods were boxed up in large wooden boxes; some were in cartons, and others were packed loose in the wooden boxes; some of the paper boxes looked like they had been wet; the rubber goods had melted and run together; looked as though they had been wet and too warm; some of the boots and shoes were mouldy and bent over; some looked pretty well, and others looked bad; mould was caused by wet and heat; the cloth shoes were mouldy, and some were rotten; some of the leather shoes were rotten; the difference in the value of the goods when returned and when taken was one-third, and amounted to $464.05, aside from the goods that were not returned."

The bill of exceptions states that the defendants objected to the testimony of Jonas W. Slinkard, Charles H. Reeve and Samuel Slinkard, in so far as the same relates to any injury or damage to or depreciation in value of the goods described in the plaintiffs' complaint between the time the same were taken on the writ of replevin and the time when they were returned to the plaintiffs, for the reason that these defendants were not liable upon the undertaking sued on in this action for any such injury or damage, and for the reason that the measure of damages in this action is the value of the goods shown not to have been returned, and that were taken by the sheriff on the writ of replevin, and the damages awarded to the plaintiffs on the trial of the action of replevin.

This objection was rightly overruled by the court. The goods being in the possession of the plaintiff in the replevin

suit, and packed in boxes, the defendants, when they took their judgment for a return, could not know what the condition of the property then was, nor what its condition would be when afterward returned; and they were, therefore, under no obligation to try to make any proof on that subject.

There was certainly evidence tending to support the verdict for $400, and, if the jury believed the plaintiffs' witnesses, the damages were not excessive.

This was not a case of failure of proof, as the appellants seem to suppose.

The judgment of the court below ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and it is hereby in all things affirmed, at the costs of the appellants.