## Albert Kapischke v. Charles W. T. Koch et al.

1. RECOVERY—*On Replevin Bond Includes All Damages Sustained.*—After the plaintiff has been defeated in a replevin suit, and a return of the property awarded, the defendant may have full satisfaction in a suit brought upon the bond, but he can not afterward maintain an action for vindictive damages sustained by reason of such replevin suit.

2. MERGER—*Where There Is but a Single Cause of Action.*—Where there is but a single cause of action, a judgment in one suit brought upon that cause merges not only the part brought directly in question in that suit, but the entire cause of action is merged in the judgment, regardless of the question whether or not the party suing has recovered all that he might have recovered in some other form of action, which he had the election to bring.

3. DEFENSES—*Matter Arising After Suit and Before Plea.*—Matters of defense arising after suit brought and before plea, can not be pleaded in bar of the action generally, but by prior leave of the court, must be pleaded to the further prosecution of the suit.

4. SAME—*Matter Arising After Plea.*—Matters of defense arising after suit brought and after plea, and either before or after issue joined, must be pleaded *puis darrein continuance.*

5. SAME—*In Actions on the Case.*—In actions on the case the defendant may, under the general issue, give in evidence a release, a former recovery, a satisfaction or any other subsequent matter, which shows that the cause of action has been discharged, or that in equity and good conscience the plaintiff ought not to recover, without regard to whether it was before or after action begun, or issues joined, in the suit at trial.

Trespass on the Case.—Trial in the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Verdict and judgment for defendant. Appeal by plaintiff. Heard in the Branch Appellate Court at the March term, 1898. Affirmed. Opinion filed December 23, 1898.

E. M. SEYMOUR, attorney for appellant; CAMPBELL ALLISON, of counsel.

FLOWER, SMITH & MUSGRAVE, attorneys for appellees.

MR. JUSTICE SHEPARD delivered the opinion of the court. This was a suit in trespass on the case, to recover dam-

ages from appellees for the malicious suing out, before a
justice of the peace, and execution of a replevin writ
against the appellant.  Upon the trial it was made to ap-
pear in evidence that the replevin suit was disposed of
before the justice in favor of the defendant (appellant) and
a writ of *retorno* awarded.  When the plaintiff in the suit
now before us rested his case, the defendant interposed
what was in effect a demurrer to the evidence, and the trial
judge, because of something that had been brought to his
attention, or, perhaps, in order to save the time that would
be required to listen to the defense, propounded to plaint-
iff's counsel certain questions which drew from the latter
an open court admission that plaintiff had previously
brought suit upon the replevin bond, obtained judgment
thereon, and that said judgment upon said replevin bond
had been fully paid.  Whereupon the court gave to plaint-
iff his election to take a voluntary non-suit, or to have a
verdict directed against him, and a preference for the lat-
ter being expressed by counsel, a verdict was so directed
and returned, and judgment thereon given.

The clear-cut question is, therefore, presented by the
record, whether, after a replevin suit has been brought and
disposed of against the plaintiff and *retorno* awarded, and
the defendant in the replevin has brought suit upon the
replevin bond given under the statute, and has had full sat-
isfaction by judgment upon said bond and payment thereof,
he, the defendant in the replevin, can maintain another suit
to recover punitive damages for the institution of the
replevin suit and the execution of the writ.

We think the question must be decided adversely to the
appellant.

The principles enunciated in Karr v. Barstow, 24 Ill. 580,
Savage v. French, 13 Ill. App. 17, and Stier v. Harms, 154
Ill. 476, seem clearly to sustain our view that having had a
recovery and satisfaction in the suit upon the bond, in
which suit we are bound to presume all actual damages that
were sustained were recovered, the appellant is now barred
from having an action for punitive or vindictive damages.

The two remedies open to him were consistent and concurrent, and he having elected which one to pursue, and having had satisfaction as to that, his right to follow the other is now gone.

It seems manifest that if appellant had brought this action first and obtained a recovery and satisfaction, he might not thereafter have an action upon the bond, and if not, why may he have one here ?

The cause of action upon the bond, and in this suit is, or would be, the same, viz., the wrongful suing out of the replevin writ.

And when there is but a single cause of action, a judgment in one suit brought upon that cause of action merges not only the part brought directly in question in that suit, but the entire cause of action is merged in the judgment, regardless of the question whether or not the party suing has recovered all that he might have recovered in some other action, which he had the election to bring. See Savage v. French, 13 Ill. App., *supra*.

The transcript of the proceedings in the suit upon the replevin bond was not introduced in evidence, although both sides in argument assume its presence in court, and the recovery and satisfaction in that suit not being pleaded specially, we do not know the date or term of the recovery and satisfaction with reference to the time of bringing this suit, nor do we know, except by the admission in court already mentioned, that there was in fact any such recovery and satisfaction.

Such admission in open court, upon the trial, was, however, an equivalent for the transcript itself, as to the fact of recovery and satisfaction; and whether the recovery and satisfaction were had prior to or during the pendency of this suit was not material. The general rule, to be sure, is that matter of defense arising after suit brought and before plea, can not be pleaded in bar of the action, generally, but (by prior leave of the court) must be pleaded to the further prosecution of the suit, and that matter of defense arising after suit brought and after plea, and either before or after

issue joined, must be pleaded *puis darrein continuance;* but in actions on the case, an exception to the rule arises, which exception, however, has its exceptions.   In actions on the case, the defendant may, under the general issue (which was the plea here), give in evidence a release, a former recovery, a satisfaction or any other subsequent matter, which shows that the cause of action has been discharged, or that in equity and good conscience the plaintiff ought not to recover without regard to whether it was before or after action begun or issues joined in the suit at trial.   Mount v. Scholes, 120 Ill. 394; City of Chicago v. Babcock, 143 Ill. 358.

It does not seem to be necessary to discuss any other points made in the case.

The verdict was properly directed and the judgment is affirmed.