DANIELS VS MANSBRIDGE, ET AL.

Opinion delivered September 25, 1902.

1. *Replevin—Judgment—Damages—Second Action For.*

Under Secs. 5145 and 5181 Mansf. Dig. (Secs. 3350, 3386 Ind. Ter. Stat.) all damages recoverable of the plaintiff in a replevin suit, where the verdict is for the defendant, must be included in the judgment in that

action; and a judgment for the return of the property to defendant and for its value fixes the measure of the liability of the plaintiff and is a bar to a second action for additional damages.

Appeal from the United States Court for the Northern District.

JOSEPH A. GILL, Judge.

Action by Frank Daniels against J. W. Mansbridge and others. Judgment for defendants. Plaintiff appeals. Affirmed.

On September 17, 1900, this action was instituted by the plaintiff, appellant here, against the defendants, appellees here, by filing his complaint at law, in which he alleged that on September 16, 1899, the defendants J. W. Mansbridge and J. P. Greenwood, by an order of delivery, unlawfully, willfully, and wrongfully took from the possession of the plaintiff personal property of the value of $1,167, and sold the same, and converted the proceeds to their own use; that on May 23, 1900, upon the trial of the rights of property between Mansbridge and Greenwood, as plaintiffs, and the plaintiff, as defendant, the jury awarded by the verdict the return of the property to this plaintiff, or its value, in the sum of $1,167, and costs, upon which verdict judgment was rendered for this plaintiff; that, before said order of delivery was issued, said Mansbridge and Greenwood, joined by defendants L. A. Keys, and W. P. Ringo, executed and delivered their bond, payable to plaintiff, as follows: "We undertake that the plaintiffs, J. W. Mansbridge and J. P. Greenwood, shall duly prosecute this action, and shall perform the judgment of the court therein, by returning the property ordered to be delivered to the plaintiff, if a return is adjudged, and pay the defendant, Frank Daniels, such sums of money as are adjudged in this action against the plaintiffs, not exceeding sixteen hundred ($1,600) dollars; and

the costs of this action.   (Signed) J. W. Mansbridge, per P. H. Wilkerson, Atty.   J. P. Greenwood, per P. H. Wilkerson, Atty. W. P. Ringo, L. A. Keys.   Approved.   Leo E. Bennett, U. S. Marshal, by J. S. O'Brian, Deputy."   On July 16, 1900, defendants Mansbridge and Greenwood paid off and satisfied in full said judgment for the value of said property, together with the costs of said suit.   Plaintiff says that the unlawful, willful, and wrongful seizure, sale, conversion, and detention of his said property damaged him in the sum of $2,020, and asks judgment for said amount of damages and costs.   On November 2, 1900, a demurrer was filed to said complaint as follows:   "Demurrer. Now come the above-named defendants, J. P. Greenwood, L. A. Keys, and W. P. Ringo, and demur jointly and severally to the complaint filed herein by the above-named plaintiff, Frank Daniels, for the reason that said complaint does not state facts sufficient to constitute a cause of action against the said defendants, or either one of them.   (Signed) W. E. Zeigler, E. C. De Vore, and V. W. Moore, Attorneys for Defendants, J. P. Greenwood, L. A. Keys, and W. P. Ringo."   On November 30, 1900, said demurrer was sustained.   On December 15, 1900, plaintiff was granted leave to amend his complaint, and the same was amended to accurately copy the conditions of the bond.   On August 27, 1901, defendants filed a demurrer to the amended complaint, as follows:   "Demurrer.   Now come the above-named defendants, J. P. Greenwood, L. A. Keys, and W. P. Ringo, and demur jointly and severally to the amended complaint filed herein by the above-named plaintiff, Frank Daniels, for the reason that said amended complaint does not state facts sufficient to constitute a cause of action against the said defendants, or either one of them.   (Signed) W. E. Zeigler, V. W. Moore, and C. E. De Vore, Attorneys for Defendants, J. P. Greenwood, L. A. Keys, and W. P. Ringo."   And on the same day said demurrer was sustained, to which plaintiff excepted, and appeals to this court.

*Horace Bradley*, for appellant.

*J. B. & W. E. Zeigler* and *V. W. Moore*, for appellees

TOWNSEND, J.   The appellant has filed two assignments of error, as follows: "Assignment of Errors.   The court erred in sustaining the demurrer to the complaint, because:   First ,the same did state facts sufficient to constitute a cause of action against defendants, and each of them; or, if the sureties on the replevin bond should be held not liable, then, second, the original plaintiffs in the replevin action upon which this action was based are still liable to appellant for damage arising from the unlawful detention of the property, and appellant may treat the same either as a statutory bond, or as a common-law obligation,"

Sections 5145-5181, Mansf. Dig. (sections 3350, 3386, Ind. T. Ann. St. 1899), regulate the actions for recovery of specific personal property, and how judgments shall be entered.   They are as follows:   "In actions for the recovery of specific personal property, the jury must assess the value of the property, as also the damages for the taking or detention, whenever, by their verdict, there will be a judgment for the recovery or return of the property."   Section 5145, Mansf. Dig. (section 3350, Ind. T. Ann St. 1899).   "In an action to recover the possession of personal property, judgment for the plaintiff may be for the delivery of the property, or for the value thereof, in case a delivery cannot be had, and damages for the detention.   Where the property has been delivered to the plaintiff, and the defendant claims a return thereof, judgment for the defendant may be for the return of the the property, or its value, in case a return cannot be had, and damages for the taking and withholding of the property."   Section 5181, Mansf. Dig. (section 3386, Ind. T. Ann. St. 1899).   It appears that a replevin suit was instituted for the recovery of certain property by the defendants Mansbridge and Greenwood against the plaintiff in this suit, and before the issuance of the

writ said Mansbridge and Greenwood executed their bond to plaintiff, signed by defendants Keys and Ringo, as sureties; that upon the trial this plaintiff recovered judgment for return of the property, or its value, against Mansbridge and Greenwood, and the other defendants, as their sureties on the replevin bond. It further appears that said defendants Mansbridge and Greenwood had fully paid off and satisfied said judgment. Can this action for damages be maintained on said replevin bond, when the complaint shows that the judgment against said defendants had been fully satisfied? In Cobbey, Repl. § 1271, it is said: "In general, the successful party in the replevin suit can only proceed against the sureties on the bond after a failure to satisfy his judgment on execution against his adversary, or on special execution for the return of the property." In section 1344 it is said: "The recovery on the bond is measured by the damages awarded in the replevin suit. The claim for damages by either party, being entire and indivisible, admits of no partial recovery in each of several actions. A judgment for a return of the property or its assessed value fixes the measure of the liability of the principal and his sureties on a replevin bond." In Carroll vs Woodlock, 13 Mo. App. 574, it is said: "(1) A judgment for a return of the property or its assessed value fixes the measure of the liability of the principal and his sureties on a replevin bond. (2) Such a judgment is a bar to a second action on the same cause of action in the same jurisdiction." In Stevens vs Tuite, 104 Mass. 334, the court says: "The difficulty in the present plaintiff's case lies in the fact that all these elements of claim are comprehended under the general head of damages recoverable in the original action. The time to prove his damages and to have them assessed, in order to be included in the judgment, was when the replevin suit was before the court and on trial. At that stage of the case, and for that purpose, he certainly was an actor or plaintiff, claiming compensation for the injury done him by the wrongful act of replevying his goods out of his hands. In contemplation of law,

his claim for compensation, independently of the return of the goods, or their equivalent in money, as secured by the bond, would be made up of (1) interest on the money value; (2) the general inconvenience and loss resulting from the interruption of his possession; and (3) the expense, trouble, and delay attending the operation of replacing everything, and restoring the establishment to its original condition. This is an entire and indivisible claim. He cannot recover part of it in one action, and subsequently maintain another action for the remainder. Warren vs Comings, 6 Cush. 103; Bennett vs Hood, 1 Allen, 47, 79 Am. Dec. 705. It will not avail him to show that part of his true claim was omitted by accident or misapprehension. 'The time for such proof has gone by. He has had his day in court. It was the very thing which he might and should have proved in the suit in which the judgment was recovered.' Fuller vs Shattuck, 13 Gray, 70, 71, 74 Am. Dec. 622; Homer vs Fish, 1 Pick. 439, 11 Am. Dec. 218." See, also, to the same effect, Kapischke vs Koch 79 Ill. App. 238. "A recovery in replevin of the goods and costs, and the return of the goods and payment of the costs, bars an action against the defendant for the unlawful taking and detention, as those matters ought to have been recovered in the first action. 1 Van Fleet, Former Adj. p. 359, Sec. 133. In the case of Sweeney vs Lomme, 22 Wall. 208, 22 L. Ed. 727, the court says: 'If a return is awarded by a replevin suit, the surety is liable on the condition of the bond to return. * * * The judgment establishes the liability.' "'

We are of the opinion that the judgment of the court sustaining the demurrer of the defendants was correct, and it is therefore affirmed.