## JACKSON v. MORGAN ET AL.

[No. 20,862.   Filed October 3, 1906.   Rehearing denied December 19, 1906.]

1. PLEADING.—*Complaint.—Replevin Bonds.*—The plaintiff in an action in replevin, for which action a third party alone executed the required bond, is not a proper defendant in an action on such bond for damages. p. 531.

2. REPLEVIN.—*Judgment.—Return of Property.—Damages.— Statutes.*—Section 558 Burns 1901, §549 R. S. 1881, providing that in actions for the recovery of personalty the jury must assess the value of the property and the damages for detention, when their verdict is for the recovery of such property, and §581 Burns 1901, §572 R. S. 1881, providing that judgment for

either party in a replevin action, may be for the return of the property, or its value, in case return cannot be had, and damages for detention, contemplate that the verdict in replevin cases must settle the right to the custody of the property, its value, and the damages for detention.  p. 532.

3.  JUDGMENT.—*Res Judicata.—Replevin.—Damages.*—A judgment in replevin is conclusive upon the parties and their privies, in an action on the replevin bond, as to all matters capable of litigation under the issues.  p. 532.

4.  PLEADING.—*Answer.—Evidence Admissible under.—Replevin.*—Under an answer in denial, in a replevin case, the defendant may give in evidence any facts tending to defeat plaintiff's claim of title, or right of possession.  p. 533.

5.  REPLEVIN.—*Issues.—Return of Property.*—If the evidence under a general denial to plaintiff's replevin case shows defendant's right to the custody of the property, he is entitled to a judgment ordering a return thereof.  p. 533.

6.  PLEADING.—*Replevin.—Issues.*—A general denial to plaintiff's complaint in replevin raises an issue as to plaintiff's right of possession to the property, its value, and his damages for its detention.  p. 533.

7.  JUDGMENT.—*Res Judicata.—Replevin.—Failure to Find on all Issues.*—A failure of the verdict and judgment, in a replevin case, to show the value of the property and the damages for detention thereof, is not *res judicata* that there were none, in an action upon the replevin bond; and such questions remain open.  p. 533.

8.  SAME.—*Res Judicata.—Replevin.—Value of Property.*—A judgment for defendant in a replevin action for the return of the property, and, in case return is not made, for the value thereof, is *res judicata*, as to such value, in a subsequent action on plaintiff's replevin bond.  p. 534.

9.  SAME.— *Res Judicata. — Replevin. — Damages. — Time for Which Given.*—A judgment for damages, in an action of replevin, is *res judicata*, in an action on the replevin bond, as to the damages up to the time of the trial.  p. 534.

10.  REPLEVIN.—*Damages.—Elements of.*—The claim for damages, in an action in replevin, where there is a judgment for the return of the property, includes the value of such property as well as all other damages, such claim for damages being indivisible.  p. 534.

11.  JUDGMENT. — *Res Judicata. — Replevin.—Damages.*—Where defendant in a replevin action recovered a judgment for the return of the property, and, in case that could not be had, an

alternative judgment for the value thereof, a subsequent action for other damages accruing before such trial cannot be maintained. p. 535.

12. JUDGMENT. — Defects.—Remedy.—Replevin.—Damages.—Defects in the assessment of damages in an action in replevin cannot be corrected in a subsequent action on the replevin bond. p. 535.

From Hamilton Circuit Court; Samuel R. Artman, Special Judge.

Action by George W. Jackson against Joseph R. Morgan and others. From a judgment for defendants, plaintiff appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. Affirmed.

Doan & Orbison and Neal & Beals, for appellant.

Daniel Wait Howe, Shirts & Fertig and Charles E. Averill, for appellees.

MONKS, J.—It appears from the record that in 1901 appellees Joseph R. Morgan and Louis J. Morgan commenced an action in the Marion Circuit Court against appellant to recover the possession of certain promissory notes. A replevin bond was executed by Selenia J. Morgan as surety, the plaintiffs in said action not joining therein. The notes were delivered to said plaintiffs by the sheriff. Appellant filed a general denial to the complaint, and a trial of said cause resulted in a verdict in favor of appellant, the defendant therein, and that said property was of the value of $100. Judgment was rendered upon said verdict in favor of the appellant, the defendant in said action, for the return of said promissory notes, and for $100, the value thereof, "in case return cannot be had," and for cost. Said judgment was affirmed on appeal. Morgan v. Jackson (1904), 32 Ind. App. 169. After the judgment was affirmed, appellant refused to accept the promissory notes when tendered, and Morgan and Morgan thereupon paid and satisfied the judgment, interest, and cost. Appellant afterwards brought this action on the replevin bond to re-

cover damages, including the amount of an alleged depreciation in the value of said promissory notes between the time of the taking thereof in the replevin action and the time of the trial of said action.

The court below held, on demurrer for want of facts, that the complaint was insufficient against Joseph R. and Louis J. Morgan, because they had not joined in the execution of said replevin bond. This ruling was correct. *Borman* v. *Jung Brewing Co.* (1899), 23 Ind. App. 399; *Supreme Council, etc., v. Boyle* (1896), 15 Ind. App. 342. Selenia J. Morgan, the surety on said replevin bond, having died after the commencement of this action, the administrator of her estate filed an answer, alleging that in the replevin action the jury returned a verdict in favor of the defendant, the appellant in this action, and that "said property is of the value of $100;" that judgment was rendered on said verdict in favor of said defendant for the recovery of said promissory notes, or, upon failure of said plaintiffs to return the same, that said defendant recover of them the sum of $100, the value of the property "at the time of the trial," and for cost; that long before the commencement of this action the plaintiffs in said action tendered to appellant, the defendant in said action, all of said promissory notes, which he refused to accept, and thereupon the plaintiffs in said action fully paid and satisfied said judgment for $100, interest and cost. Appellant's demurrer for want of facts to said answer was overruled, and, on his refusing to plead over, judgment was rendered against him. Appellant insists that said answer was insufficient, because, no damages having been assessed in the replevin action, he was entitled to recover the same in this action, citing *Yelton* v. *Slinkard* (1882), 85 Ind. 190, and *Whitney* v. *Lehmer* (1866), 26 Ind. 503.

Section 558 Burns 1901, §549 R. S. 1881 and Horner 1901, requires that, "in actions for the recovery of specific

personal property, the jury must assess the value of
2.   the property, as also the damages for the taking or
detention, whenever, by their verdict, there will be
a judgment for the recovery or return of the property."
Section 581 Burns 1901, §572 R. S. 1881 and Horner
1901, provides: "In an action to recover the possession of
personal property, judgment for the plaintiff may be for
the delivery of the property, or the value thereof in case a
delivery cannot be had, and damages for the detention;"
that when the defendant is entitled to a return of the prop-
erty, judgment for him "may be for the return of the
property, or its value in case a return cannot be had, and
damages for the taking and withholding of the property."
It is evident that these sections contemplate that whether
the verdict and judgment be for the plaintiff or defendant,
for the recovery or return of the property, the value thereof,
and all damages for its taking or detention, must be settled
and determined in the action of replevin.   *Noble* v. *Ep-
perly* (1855), 6 Ind. 414, 415; *Tardy* v. *Howard* (1859),
12 Ind. 404; *Conner* v. *Comstock* (1861), 17 Ind. 90, 92,
93; *Chissom* v. *Lamcool* (1857), 9 Ind. 530, 532, 533;
*Matlock* v. *Straughn* (1863), 21 Ind. 128; *Crocker* v. *Hoff-
man* (1874), 48 Ind. 207, 209, 210; *Anderson* v. *Lane*
(1869), 32 Ind. 102; *Baldwin* v. *Burrows* (1884), 95 Ind.
81, 84, 85; 1 Works' Practice (2d ed.), §846, p. 552.
See, also, *Teel* v. *Miles* (1897), 51 Neb. 542, 545.   When-
ever there is a trial and judgment in an action of replevin,
the same is conclusive upon the parties, and their
3.   privies, in an action on the replevin bond, as to all
matters that were, or might have been, litigated un-
der the issues.   *Landers* v. *George* (1874), 49 Ind. 309,
321; *Smith* v. *Mosby* (1884), 98 Ind. 445, and cases cited;
*McFadden* v. *Fritz* (1887), 110 Ind. 1, and cases cited;
*Daniels* v. *Mansbridge* (1902), (Ind. Ter.), 69 S. W. 815;
1 Herman, Estoppel, §§125, 253.   See, also, 1 Van Fleet,
Former Adjudication, §133, pp. 359, 360; Cobbey, Re-

plevin (2d ed.), §§1170, 1346; *Ellis* v. *Crowl* (1891), 46 Kan. 100; *Carroll* v. *Woodlock* (1883), 13 Mo. App. 574; *White* v. *Van Houten* (1873), 51 Mo. 577; *State, ex rel.,* v. *Dunn* (1875), 60 Mo. 64, 71; *Hanlon* v. *O'Keefe* (1893), 55 Mo. App. 528, 532, 533; *Freeman* v. *Lavenue* (1903), 99 Mo. App. 173, 177, 72 S. W. 1085, and cases cited; *Drewyour* v. *Merrell* (1897), 112 Mich. 681, 71 N. W. 486.

Under the general denial, a defendant in an action to recover the possession of personal property may give in evidence anything that will tend to defeat plaintiff's claim of title or right of possession. *Lane* v. *Sparks* (1881), 75 Ind. 278, and cases cited; *Aultman & Co.* v. *Forgey* (1894), 10 Ind. App. 397, 401-403, and cases cited; *Shipman Coal, etc., Co.* v. *Pfeiffer* (1895), 11 Ind. App. 445, 449, 450; 2 Works' Practice (2d ed.), §§1491, 1492; Cobbey, Replevin (2d ed.), §§752, 825; 1 Ency. Pl. and Pr., 822. Under such general denial, if the case made by the evidence authorizes a return of the property to the defendant, he is entitled to such judgment. *Matlock* v. *Straughn, supra; Conner* v. *Comstock, supra.* As appellant filed a general denial in the action of replevin it is evident that the right of possession of the promissory notes, their value, and the damages for the taking or detention thereof, were issues in said cause.

In *Whitney* v. *Lehmer, supra,* which was a suit on a replevin bond, by the defendant in the action of replevin, it appeared that he had only taken a judgment for the return of the property, and that neither the value thereof nor the damages had been assessed or found, nor any judgment rendered therefor. The court held that as there had been no such assessment in the replevin action, "it does not follow that the property was of no value," and that the value thereof could be recovered in an action on the replevin bond for failure to return the property as adjudged by the court. In *Yelton* v. *Slinkard,*

*supra,* an action on a replevin bond by the defendant in the replevin action, in which there was verdict and judgment for the return of the property to the defendant, and cost, but no assessment nor judgment for its value, nor the damages for withholding it, the court held that if the property was not returned as adjudged a recovery could be had upon the bond for its value and damages. The court said, however, in *Whitney* v. *Lehmer, supra:* "An assessment of the value of the property in the replevin suit, and a judgment in the alternative for its return or its value, would, as evidence, undoubtedly have bound the parties upon the question of value, for the reason that it would have been a judicial determination of that question by a tribunal having that authority, putting it at rest forever." In this case, however, the jury assessed the value of the property, which, as decided in *Whitney* v. *Lehmer, supra,* and cases cited, puts that question "at rest forever." Does the fact that the jury assessed, and the court adjudged, no damages except the value of the promissory notes in the action of replevin prevent appellant's recovering on the replevin bond any damages he might have recovered as such in the action of replevin?

It is evident, under the authorities cited in this opinion, that a judgment in an action of replevin for the return of the property to the defendant, or its assessed value and damages and cost, in case return could not be had, fixes the measure of damages in an action on the replevin bond, where the property is not returned, at least as to everything before the trial of the cause. The claim for damages in the action of replevin, by either party, when there is judgment for the recovery or return of the property, includes the value of the property, as well as the other damages to which he may be entitled. This claim is entire and indivisible, and a party cannot recover a part of it in one action and subsequently maintain an action for the remainder. *Daniels* v. *Mansbridge, supra.* Appellant recovered in the action of

replevin the value of the property, one of the items of damages, if the property was not returned to him as adjudged. If there were other items of damages, the time for appellant to prove and have them assessed was when the action of replevin was tried. He has had his day in court, not only as to the value of the property, but as to all other claims for damages, at least to the time of the trial.

In *Daniels* v. *Mansbridge, supra,* decided by the court of appeals of Indian Territory, the defendant in the action of replevin, having obtained judgment for the return of the property, or for its value—$1,167—in case return could not be had, and for costs, brought suit on the replevin bond, alleging that he was damaged by "the unlawful and wilful seizure, sale, conversion, and detention of said property in the sum of $2,020." Before the commencement of the action on said replevin bond, the plaintiffs in the replevin suit paid and satisfied the judgment, interest, and cost in said action of replevin. The statutes of said territory, as to the verdict and judgment in an action for the recovery of personal property, were the same as §§558, 581 Burns 1901, §§549, 572 R. S. 1881 and Horner 1901. Said court, quoting said statutes, held that, the judgment and cost having been fully paid and satisfied, no recovery could be had upon the replevin bond for such damages. It is not necessary for us to determine whether the value of the property assessed by the jury should be its value at the time of the trial, as in the replevin action in this case, or its value when taken on the writ of replevin, for the reason that, even if error were committed in assessing the value at the time of the trial, the same is conclusive on the parties and their privies so long as said judgment stands unreversed. It follows, therefore, that the court did not err in overruling appellant's demurrer to said answer.

Judgment affirmed.